UNITED STATES of America,
Appellee,

v.

Umeme RAYSOR; Ronald Stanley,
also known as R.A.W., Defen-
dants–Appellants,

Michael Sidbury; Chaka Raysor; Mi-
chael Jones; Gerald Lewis; Maurice
Matthews; Shawn Davis; Cleveland
Whorley; Gus Robinson; Derrick
Henderson; Cecil James Cross, Defen-
dants.

Nos. 99–1503, 99–1504.

United States Court of Appeals,
Second Circuit.

April 10, 2001.

Jeremy Schneider, Rothman, Schneider,
Soloway & Stern, New York, NY, for ap-
pellant Umeme Raysor.

Valerie S. Amsterdam, Amsterdam &
Branden, New York, NY, for appellant
Ronald Stanley.

Catherine Friesen, Assistant United
States Attorney for the Eastern District of
New York; Loretta E. Lynch, United
States Attorney; David C. James, Assis-
tant United States Attorney; Stephen
Kelly, Special Assistant United States At-
torney, on the brief, New York, NY, for
appellee.

Present OAKES, STRAUB, Circuit

Judges, and KAPLAN, District Judge.*

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby REMANDED for supplementation of the record.

Defendants–Appellants Umeme Raysor and Ronald Stanley appeal from judgments of conviction entered in the United States District Court for the Eastern District of New York (Eugene H. Nickerson, *Judge* ), following a joint jury trial. On appeal, Raysor and Stanley argue, *inter alia*, that the District Court erred in the manner in which it evaluated certain of their motions made pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), challenging the government's striking of African Americans as potential jurors.

■■■ "In assessing a challenge under *Batson*, a trial court must (1) decide whether the defendant has made a *prima facie* showing that the prosecutor has exercised a peremptory strike on the basis of race; (2) if so, decide whether the prosecutor has satisfied the burden of coming forward with a race neutral explanation for striking the potential juror; and, if so, then must (3) make a determination whether the defendant has carried his burden of proving purposeful discrimination." *Jordan v. Lefevre*, 206 F.3d 196, 200 (2d Cir.2000) (citing *Batson*, 476 U.S. at 96–98, 106 S.Ct. 1712). We have held that the third step of the *Batson* analysis requires an "explicit adjudication of the credibility of the non-movant's race-neutral explanations for the challenged strikes." *Barnes v. Anderson*, 202 F.3d 150, 156 (2d Cir. 1999); *see also Jordan*, 206 F.3d at 200

(holding that *Batson*'s third step is not satisfied where a district court rules "in summary fashion"). Because "a race neutral reason may be rational and yet be a pretext for discrimination," a trial court is required to make "an ultimate determination on the issue of discriminatory intent based on all the facts and circumstances." *Jordan*, 206 F.3d at 200 (internal quotation marks omitted).

■■■ Our review of the record in this case reveals no "explicit adjudication" of the credibility of the government's race-neutral explanations for its peremptory strikes of potential juror numbers 8, 27, 86, 176, 190, 237, and 247. Rather, the District Court simply denied the defendants' *Batson* motions after hearing the government's race-neutral reasons, leaving it unclear "whether the district court thus found that [the government's] explanation was credible and, therefore, that [the defendants] had failed to carry their ultimate burden of proof or, instead, that [the government's] explanation merely sufficed to satisfy [its] second-step burden of articulating a non-racial explanation." *Barnes*, 202 F.3d at 157.

Accordingly, upon due consideration, it is ordered that the matter is remanded to the District Court for supplementation of the record pursuant to the procedures described in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994). Within 120 days of this order, the District Court must either (1) make findings of fact and an ultimate determination on the issue of discriminatory intent by the government in its striking of prospective juror numbers 8, 27, 86, 176, 190, 237, and 247, based on all the facts and circumstances, after conducting such proceedings as, within its discretion, it deems appropriate, or (2) should it

---

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

determine that such a determination is impossible, order a new trial. *See Barnes*, 202 F.3d at 157 (noting that ordinary procedure is to remand to the district court with instructions either to re-conduct the *Batson* analysis or, if the district court determines that it is no longer possible to do so effectively, to order a new trial); *see also Jordan*, 206 F.3d at 202 (directing district court to, in its discretion, hold a hearing to reconstruct prosecutor's state of mind at the time of jury selection, or if such determination is impossible, to grant a new trial).

The mandate shall issue forthwith and shall state that the parties are to inform the Clerk of this Court when the District Court has issued its supplementation of the record in accordance with this order. Following such notification, jurisdiction of the appeal will be automatically restored to this Court, and the Clerk will reassign the appeal to this panel, without the need for either party to file a new notice of appeal. After jurisdiction is restored, the Clerk shall set an expedited briefing schedule, and the parties may, if they wish, submit supplemental letter briefs not to exceed ten single-spaced pages confined to the issues addressed by the District Court on remand, and the panel will also consider the remaining issues on appeal.