09-3871-pr
Raysor v. United States

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2010

(Argued: November 23, 2010     Decided: July 27, 2011)

Docket No.  09-3871-pr

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UMEME RAYSOR,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:   WINTER, CALABRESI, and KATZMANN, Circuit Judges.

Appeal from a denial by the United States District Court for the Eastern District of New York (Sandra Townes, Judge) of a Section 2255 motion to vacate a sentence due to counsel's failure to advise appellant with regard to a plea offer by the government.  We vacate and remand for an evidentiary hearing on the ineffective assistance of counsel claim.

SALLY WASSERMAN, New York, New York, for Petitioner-Appellant.

WILLIAM D. SARRAT, Assistant United States Attorney, of counsel (Jo Ann M. Navickas, Assistant United States Attorney, of counsel, on the brief),

Loretta E. Lynch, United States Attorney, United States Attorney's Office for the Eastern District of New York, Brooklyn, New York, <u>for</u> <u>Respondent-Appellee</u>.

WINTER, <u>Circuit Judge</u>:

Umeme Raysor appeals from Judge Townes's denial of his petition for a writ of habeas corpus. <u>Raysor v. United States</u>, No. 03-CV-5418, 2009 WL 2707307 (E.D.N.Y. Aug. 26, 2009). The only issue on appeal is a claim of ineffective assistance of counsel. Appellant alleges that trial counsel failed to advise him as to whether appellant should accept or reject a particular plea offer by the government. The district court concluded that appellant failed to establish that he was actually prejudiced by counsel's alleged ineffectiveness and denied the motion without holding a full evidentiary hearing.

We vacate and remand.

BACKGROUND

From approximately 1985 to 1996, appellant and his brother ran a violent street gang that distributed large quantities of drugs in New York and Virginia. On December 10, 1996, after appellant was indicted, the government sent a letter to his original counsel memorializing a plea offer. The offer involved a government recommendation of 29 years' incarceration. According to the letter, the plea offer would expire on December 20, 1996, but the offer was briefly extended until after a

2

meeting between appellant's original counsel and the government on February 3, 1997. Appellant rejected the government's offer, and no additional plea offers were made.

On February 27, 1997, the government moved to disqualify original counsel on the basis of a conflict of interest resulting from original counsel's prior representation of a co-defendant. On April 4, 1997, the motion was granted.

Appellant's trial lasted approximately twelve weeks. The government's case consisted primarily of accomplice testimony; nine former gang members testified against appellant, eight of whom pled guilty prior to trial. The jury found appellant guilty on four counts: (i) racketeering, in violation of 18 U.S.C. § 1962(c); (ii) racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); (iii) operating a criminal enterprise, in violation of 21 U.S.C. § 848; and (iv) conspiracy to distribute and to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Appellant was acquitted on eight counts, and, despite the conviction on the racketeering count, the jury found that 10 of the 13 predicate acts had not been proven. However, the jury did find appellant guilty of a predicate act of murder. On August 13, 1999, appellant was sentenced to multiple life terms.

On direct appeal, appellant raised numerous claims of error, none of which are pertinent to this appeal. After remanding for

supplementation of the record, United States v. Raysor, 9 F. App'x 33 (2d Cir. 2001), we vacated the conviction for conspiracy to distribute narcotics under 21 U.S.C. § 846, but affirmed the district court's judgment in all other respects. United States v. Raysor, No. 99-1503, 2001 WL 36037731 (2d Cir. Apr. 29, 2002). On November 4, 2002, the Supreme Court denied appellant's petition for a writ of certiorari. Raysor v. United States, 537 U.S. 1012 (2002).

On October 20, 2003, appellant filed the instant petition pro se pursuant to 28 U.S.C. § 2255, asserting, inter alia, ineffective assistance of counsel. He alleged that he had been deprived of adequate assistance of counsel because his original counsel "failed to discuss with Raysor the advisability of whether to accept or reject the government's plea offer." App. 51. Further, he submitted an affidavit stating that his original counsel:

> never conveyed to this affiant his ultimate opinion as to the wisdom of the plea nor did he give any suggestions as to how to deal with the government's plea offer. Affiant asserts that if properly advised by counsel, he would have accepted the plea bargain instead of proceeding to trial.

Id. at 67. The district court also had before it original counsel's affirmation, submitted by the government, that "I conveyed the government offer of 29 years to the defendant. The defendant refused the offer." Id. at 76. The district court

4

dismissed the petition after concluding that, even if original counsel had provided ineffective assistance, appellant had failed to establish a reasonable probability that he would have accepted the plea. Raysor, 2009 WL 2707307, at *2.

The district court denied a certificate of appealability. Id. at *6. On February 19, 2010, we granted appellant a certificate of appealability to review whether the district court erred in not conducting an evidentiary hearing.

DISCUSSION

Section 2255 states that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

A defendant seeking a hearing on an ineffective assistance of counsel claim "need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that he will necessarily succeed on the claim." Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) (internal quotation marks omitted). Moreover, "[t]he procedure for determining whether a hearing is necessary is in part analogous to . . . a summary judgment proceeding. . . . If material facts are in dispute, a hearing should usually be held, and relevant findings of facts made." Id.

5

"[O]ur standard of review with respect to a district court's decision to hold a hearing," however, "differs from summary judgment's general de novo review." Id. at 215. We review a district court's denial of an evidentiary hearing for clear error as to issues of fact and de novo as to issues of law. Id.

It is within the district court's discretion to determine the scope and nature of a hearing. Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001). Thus, when the judge who tried the underlying proceedings also presides over a § 2255 motion, a full-blown evidentiary hearing may not be necessary. See Puglisi, 586 F.3d at 214-15. Although "[o]ur precedent disapproves of summary dismissal of petitions where factual issues exist[], . . . it permits a 'middle road' of deciding disputed facts on the basis of written submissions." Pham v. United States, 317 F.3d 178, 184 (2d Cir. 2003) (citing Chang, 250 F.3d at 86).

For example, in Chang, the district court did not hold a full-blown testimonial hearing where the petitioner had alleged ineffective assistance for counsel's refusal to let petitioner testify on his own behalf. 250 F.3d at 81-82. The district court considered the petitioner's affidavit's blanket statements that counsel had prohibited him from testifying as well as counsel's "detailed affidavit . . . credibly describing the circumstances concerning appellant's failure to testify." Id. at 85. It denied the petition and the request for an evidentiary

6

hearing because counsel's affidavit "belied [petitioner's] claim." Id. at 82 (internal alteration omitted).  We affirmed the denial of the evidentiary hearing and concluded that a full-fledged evidentiary hearing was unnecessary to flesh out the petitioner's § 2255 petition:

> It was, therefore, within the district court's discretion to choose a middle road that avoided the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing.  The district court reasonably decided that the testimony of Chang and his trial counsel would add little or nothing to the written submissions. . . . [W]e cannot say that it was an abuse of discretion on the part of the district court to conclude that such a hearing would not offer any reasonable chance of altering its view of the facts.

Id. at 86.

Turning to the merits, to be entitled to relief on a claim of counsel's ineffective assistance, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).  The performance prong requires a showing that defense counsel's representation "fell below an objective standard of reasonableness." Id. at 688.  When analyzing counsel's alleged deficiency, a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

7

Moreover, "[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). As to prejudice, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The district court never addressed whether counsel's performance fell below an objective standard of reasonableness under the first Strickland prong, but denied relief based on appellant's failure to show prejudice as the second prong requires. See Raysor, 2009 WL 2707307, at *2 ("Even assuming, as Raysor argues, that defense counsel failed to offer advice regarding the desirability of the twenty-nine year plea offer, Raysor has not established a reasonable probability that he would have accepted the plea.").

To show the requisite prejudice in the instant case, appellant must demonstrate a reasonable probability that but for counsel's deficient performance, he would have pled guilty instead of going to trial. See Purdy v. United States, 208 F.3d 41, 49 (2d Cir. 2000) (to show prejudice under Strickland, defendant "must demonstrate a reasonable probability that but for [defense counsel's] deficiencies, [the defendant] would have pled guilty"); Cullen v. United States, 194 F.3d 401, 405 (2d Cir. 1999) (evaluating the "likelihood that [the defendant] would have

8

accepted the plea bargain if he had been fully informed of its terms and accurately advised of the likely sentencing ranges under the plea bargain and upon conviction after trial").

Appellant's burden was to proffer a prima facie case that, but for counsel's improper advice, the petitioner would have accepted the plea offer. Puglisi, 586 F.3d at 215. Prima facie evidence may include a petitioner's own statement, as was offered here; however, in order for the statement to be sufficiently credible to justify a full hearing, it must be accompanied by some "objective evidence," such as a significant sentencing disparity, that supports an inference that the petitioner would have accepted the proposed plea offer if properly advised. Id. at 215-16; see also United States v. Gordon, 156 F.3d 376, 381 (2d Cir. 1998) (finding that "such a disparity [between the sentence imposed and the sentence that effective counsel would have obtained for the defendant] provides sufficient objective evidence -- when combined with a petitioner's statement concerning his intentions -- to support a finding of prejudice under Strickland").

The government contends that appellant's post-conviction assertion that, with the benefit of competent legal advice, he would have accepted the government's plea offer, is insufficient by itself to establish a reasonable probability that appellant would have pled guilty. The government also argues that the

district court acted within its discretion in denying appellant's claim without holding a hearing. We disagree and conclude that an evidentiary hearing is necessary to flesh out the sparse record before us.

Appellant has asserted under oath that he would have accepted the plea offer if properly advised by counsel. This distinguishes Puglisi, where the petitioner failed to provide such a personal sworn statement. See Puglisi, 586 F.3d at 216-17 ("We believe that a statement regarding intent must be directly attributable to the habeas petitioner, whether it be through sworn testimony in the main proceeding or a sworn affidavit in support of the motion.").

Moreover, the disparity between the sentence offered in the plea agreement -- 29 years -- and the sentence he actually received -- multiple life terms -- was substantial. Along with appellant's testimony, it may provide enough "objective evidence" to support the inference appellant would have accepted the plea offer if properly advised. See, e.g., id. at 216; Pham, 317 F.3d at 182-83; Gordon, 156 F.3d at 380-81. Given appellant's age of 25 at the time of the plea offer, a guilty plea would have led to his release during his early fifties. The difference between this and life imprisonment is sufficient to satisfy the prejudice requirement. See, e.g., Pham, 317 F.3d at 182-83 (remanding for an evidentiary hearing on ineffective assistance because

10

prejudice could be found based on the "undisputed sentencing disparity of at least 113 months between the high end of the government plea offer [of 78 to 97 months] and Pham's sentence [of 210 months] after a trial conviction"); Gordon, 156 F.3d at 381 (finding the disparity between the 84 months offered in the plea agreement and the actual sentencing range of 262 to 327 months as "sufficient objective evidence . . . to support a finding of prejudice under Strickland"); see also Mask v. McGinnis, 233 F.3d 132, 142 (2d Cir. 2000) ("[A] large disparity between the defendant's sentence exposure following a trial and his potential exposure had a plea offer been made . . . . coupled with [defendant's] statements that he would have accepted a reasonable offer as credited by the district court, satisfies the prejudice requirement.").  Indeed, the government concedes in its brief that "there is a potentially significant disparity between the offered 29-year sentence and the life sentence Raysor received."

     With regard to the reasonableness of original counsel's performance, it is clear that failure to advise a client as to a plea offer is unreasonable performance.  Cullen, 194 F.3d at 404 ("failure to give any advice concerning the acceptance of a plea bargain [falls] below the standard of reasonable representation") (citing Boria v. Keene, 99 F.3d 492, 496-97 (2d Cir. 1996)).  Counsel must advise a client regarding a plea offer, although "counsel's choice of how to do so will be guided by many factors,

11

including the duty to avoid coercing a plea from an unwilling client." Purdy, 208 F.3d at 47.

The statement by original counsel, quoted supra, was only that he conveyed the plea offer but appellant rejected it. This statement is hardly equal to the "detailed affidavit from trial counsel credibly describing the circumstances concerning appellant's failure to testify" that we found sufficient to deny a full evidentiary hearing and to support dismissal of the § 2255 petition in Chang, 250 F.3d at 85. In particular, we do not know what, if anything, was communicated to appellant regarding the likelihood of a substantially more severe sentence as a result of going to trial, what original counsel believed as to the plea offer, or why original counsel did whatever he did. There is, moreover, the fact that the court soon after disqualified original counsel for a conflict of interest.

We acknowledge that the issues are close. Numerous questions of fact or mixed fact and law must be resolved in appellant's favor if he is to prevail. These include: (i) what would have been reasonable legal advice in the circumstances; (ii) whether original counsel gave such advice; (iii) what the considered basis for original counsel's actions was; and (iv) whether but for counsel's alleged ineffectiveness, appellant would have accepted the government's plea offer and pled guilty. There is sufficient chance of success, however, in our view to justify a full hearing on remand.

12

CONCLUSION

For the foregoing reasons, the judgment is vacated and the matter is remanded for further proceedings in accordance with this opinion.