11-0259-pr
Wang v. United States of America

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of February, two thousand twelve.

PRESENT:

    AMALYA L. KEARSE,
    JOSÉ A. CABRANES,
    ROBERT D. SACK,

        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JIAN WANG,

        *Petitioner-Appellant*,

   v.                         No. 11-0259-pr

UNITED STATES OF AMERICA,

        *Respondent-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER-APPELLANT:**     Daniel J. Ollen, New York, NY

**FOR APPELLEE:**     Charles P. Kelly, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *of counsel*), for Loretta Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Jian Wang appeals from an order entered January 10, 2011, in the United States District Court for the Eastern District of New York, denying his petition under 28 U.S.C. § 2255. In the petition, Wang alleged that he received ineffective assistance of counsel, which led him involuntarily and unknowingly to plead guilty to one count of trafficking and attempting to traffic in counterfeit goods in violation of 18 U.S.C. § 2320(a). He further alleged that the language interpreters used during the plea process failed to adequately interpret the proceedings for him and that one of these interpreters improperly pressured him to accept the Government's plea offer. We assume the parties' familiarity with the remaining facts and procedural history of the case.

The sole issue on appeal is whether the District Court abused its discretion in declining to hold a full evidentiary hearing before denying Wang's petition. In lieu of a full evidentiary hearing, the District Court invited the submission of evidence and received affidavits from Wang, his former counsel, and the two interpreters identified in the petition. On the basis of this expanded record, the District Court denied Wang's petition, finding that Wang's allegations were "patently incredible" and belied by the transcript of his Rule 11 plea colloquy.

Wang's argument that the District Court failed to hold an evidentiary hearing is mistaken. In fact, the District Court did conduct an evidentiary hearing, albeit one limited to the sworn, written submissions of Wang, his former counsel, and the interpreters. *See Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) (explaining that a district court may satisfy § 2255's requirements by "us[ing] methods . . . to expand the record without conducting a full-blown testimonial hearing"). In a case such as this, "where the judge who tried the case holds a limited hearing to decide a generic claim, the determination of whether the hearing was sufficient is reviewed for an abuse of discretion." *Puglisi v. United States*, 586 F.3d 209, 215 (2d Cir. 2009) (distinguishing such cases from those "in which the district court denie[s] any form of an evidentiary hearing"). This deferential standard of review recognizes that trial judges are generally in a better position than their colleagues on the court of appeals to determine whether additional evidence is needed to determine the merits of a § 2255 petition. As we observed in *Puglisi*, "[t]he trial judge is intimately familiar with the proceedings and the surrounding circumstances," and "is also in a position, based on the knowledge gained in the underlying criminal proceeding and on his or her role as a trier of fact in the habeas proceeding, to hold that the particular petitioner ha[s] no chance" of proving his claim. 586 F.3d at 215.

2

Having reviewed the expanded record in this case, we conclude that the District Court acted within its discretion in declining to hold a full testimonial hearing and instead choosing "a middle road that avoided the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing." *Chang*, 250 F.3d at 86; *see also Raysor v. United States*, 647 F.3d 491, 494 (2d Cir. 2011) ("It is within the district court's discretion to determine the scope and nature of a hearing.").[1]

The District Court reasonably decided that live testimony would "add little or nothing to the written submissions," *Chang*, 250 F.3d at 86, in light of the fact that Wang's allegations—incredible in and of themselves—were fully contradicted by the detailed affidavits of his former counsel and interpreters, as well as by the transcript of the Rule 11 hearing, which reveals that Wang actively and independently participated in the plea colloquy and knowingly and voluntarily entered his plea.

**CONCLUSION**

We have considered all of Wang's arguments on appeal and find them to be without merit.[2] Accordingly, for the foregoing reasons, we **AFFIRM** the order of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk

---

[1] Although in *Raysor* we vacated the denial of a § 2255 petition and remanded for a full evidentiary hearing, we did not alter the framework by which a court is to determine whether a full evidentiary hearing is necessary. *See id.* at 494–95 (reiterating framework set out in *Puglisi* and *Chang*). The petitioner in *Raysor* presented a credible prima facie claim of ineffective assistance of counsel that was countered solely by his counsel's plainly inadequate affidavit. *Id.* at 495–97. Here, by contrast, Wang's claim is itself far-fetched and completely contradicted by three detailed affidavits, as well as the transcript of his plea colloquy.

[2] Because we affirm the District Court's order, we need not reach Wang's second argument that the case should be assigned to a different judge on remand. We hasten to note, however, that this argument is entirely without merit. As amply reflected in the record and in its opinion denying Wang's § 2255 petition, the District Judge acted conscientiously and without any bias in handling Wang's criminal case and subsequent petition.