10-3794-pr
Lake v. United States

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of March, two thousand twelve.

PRESENT:  AMALYA L. KEARSE,
          RAYMOND J. LOHIER, JR.,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,

-----------------------------------------------------------------

LONNIE LAKE,
                    *Petitioner-Appellant*,

            v.                                    No. 10-3794-pr

UNITED STATES OF AMERICA,
                    *Respondent-Appellee.*

-----------------------------------------------------------------

FOR APPELLANT:        RANDOLPH Z. VOLKELL, Merrick, NY.

FOR APPELLEE:         MICHAEL CANTY, Assistant United States Attorney (Jo
                      Ann M. Navickas and Richard P. Donoghue, Assistant
                      United States Attorneys, *on the brief*), *for* Loretta E.

Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Lonnie Lake appeals from a judgment entered in the United States District Court for the Eastern District of New York denying his petition for vacatur of his sentence under 28 U.S.C. § 2255. On appeal, he challenges the District Court's determination that his petition could be denied without an evidentiary hearing. We assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

Lake was indicted in July 2001 on seven counts, including conspiracy to distribute fifty grams or more of cocaine base and various firearms-related offenses. In February 2002 his initial attorney, Paul Goldberger, advised him that the most favorable plea agreement the Government was willing to enter would require a ten-year mandatory minimum term of imprisonment. Lake suggests that, sometime prior to March 12, 2002, he rejected that offer because a second attorney, Elizabeth Macedonio, advised him that he could prevail at trial or obtain a more favorable plea offer by going to trial without jeopardizing his chances for a ten-year sentence. Lake also claims that Macedonio assured him he would not be held responsible at sentencing for offenses of which he was acquitted.

On March 12, 2002, after Lake rejected the plea offer, the Government filed a prior felony information, premised on a prior felony drug conviction under New York law. The filing of the prior felony information exposed Lake to an increased mandatory minimum sentence of twenty years' imprisonment. See 21 U.S.C. § 841(b)(1)(A).

2

Lake alleges that shortly before trial, contrary to her earlier advice, Macedonio informed him that he faced a life sentence if he was convicted at trial, that the Government had refused to renew its original plea offer, and that his sentence would reflect acquitted conduct. In March 2003, the District Court accepted Lake's guilty plea to five counts and subsequently sentenced him to 252 months' imprisonment – a term that was eventually reduced to 240 months.

Arguing that Macedonio had rendered ineffective assistance of counsel, Lake filed a section 2255 petition to vacate his sentence and requested an evidentiary hearing. The District Court denied the request for a hearing and the petition, reasoning that Lake had failed to "articulate" how Macedonio's advice gave rise to an ineffective assistance claim. Lake v. United States, 732 F. Supp. 2d 156, 161 (E.D.N.Y. 2010).

On appeal, Lake argues that an evidentiary hearing was required because he established a prima facie claim that Macedonio was ineffective in advising him to reject the Government's plea offer and proceed to trial. We disagree. Although a District Court must hold an evidentiary hearing when presented with any potentially meritorious claim under section 2255, a hearing is not required when, "viewing the evidentiary proffers . . . and record in the light most favorable to the petitioner," it is clear that the petitioner has failed to establish a "plausible claim of ineffective assistance of counsel." Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) (quotation marks omitted); see also 28 U.S.C. § 2255(b). To demonstrate ineffective assistance of counsel, a petitioner must establish both that "his attorney's performance 'fell below an objective standard of reasonableness,' and . . . that there is a 'reasonable probability' that but for counsel's error, the outcome would have been different." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)) (internal citation omitted). "We review a district court's denial of an evidentiary hearing for clear error as to issues of fact and de novo as to issues of law." Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011).

Here, although Lake plausibly alleges that he relied to his detriment on Macedonio's advice that he reject the Government's plea offer, cf. id. at 495, he fails to allege any actionable professional lapse on Macedonio's part, such as a deficient investigation, a legal error, or a complete failure to render advice, see Greiner v. Wells, 417 F.3d 305, 325 (2d Cir. 2005). As alleged, Macedonio's miscalculations regarding the Government's willingness to negotiate a more favorable deal or restore its initial plea offer represent, at best, strategic errors that are "virtually unchallengeable," Strickland, 466 U.S. at 690.

Lake also fails to allege that he was prejudiced by Macedonio's advice that he would not be held responsible for acquitted conduct, even though that advice was mistaken. See United States v. Watts, 519 U.S. 148, 156-57 (1997). Indeed, Lake could not have been prejudiced by that advice because his twenty-year sentence is equal to the statutory minimum sentence for a conviction under 21 U.S.C. § 841(b)(1)(A) after a prior felony conviction. Because Lake failed to allege a prima facie case of ineffective assistance of counsel, including an allegation that he was prejudiced by his counsel's advice regarding the affect of acquitted conduct on his sentence, the District Court correctly declined to hold an evidentiary hearing.

We have considered all of Lake's contentions on this appeal and have found them to be without merit. For the foregoing reasons, we AFFIRM the District Court's denial of Lake's petition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4