12-224-cr
Samet v. United States

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO
A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS
GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S
LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH
THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING
A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY
COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 18th day of
March, two thousand fourteen.

Present:
  ROBERT A. KATZMANN,
    *Chief Judge*,
  JOSÉ A. CABRANES,
    *Circuit Judge*,
  RICHARD M. BERMAN,
    *District Judge*.[*]

_____

MORDECHAI SAMET,

  *Petitioner-Appellant*,

    v.          No. 12-224-cr

UNITED STATES OF AMERICA,

  *Respondent-Appellee*.

_____

For Petitioner-Appellant:   LaShann DeArcy, Kierstan Fletcher, Morrison & Foerster LLP,
          New York, NY.

_____

[*] The Honorable Richard M. Berman, of the United States District Court for the Southern
District of New York, sitting by designation.

For Respondent-Appellee:      Kathryn Martin, Jennifer Rodgers, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the decision of the district court is **AFFIRMED**.

Petitioner-Appellant Mordechai Samet appeals from a decision and order entered on November 14, 2011 by the United States District Court for the Southern District of New York (MacMahon, *J.*), which denied Samet's petition for a writ of habeas corpus under 28 U.S.C. § 2255, and from a memorandum order entered on remand from this Court on February 14, 2013, which denied reconsideration. In 2002, a jury found Samet guilty on thirty-five counts of fraud and related offenses, for which Samet was sentenced principally to 327 months' imprisonment. On this appeal, Samet argues that his trial counsel, Samuel Burstyn, rendered ineffective assistance in violation of the Sixth Amendment because (1) Burstyn failed to inform or advise Samet about a plea offer for a ten-year sentence made before Samet's first trial, (2) Burstyn failed to consult or meet with Samet before Samet's second trial, (3) Burstyn failed to call or consult with certain expert witnesses, and (4) Bustyn fell ill with pneumonia during Samet's second trial. We presume the parties' familiarity with the relevant facts, procedural history of the case, and issues presented for review.

"On an appeal from the denial of a § 2255 motion, we review a district court's conclusions of law *de novo* but will accept its factual findings unless they are clearly erroneous." *Sapia v. United States*, 433 F.3d 212, 216 (2d Cir. 2005). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance "fell below an

2

objective standard of reasonableness" under "prevailing professional norms," and also "affirmatively prove prejudice." *Strickland v. Washingon*, 466 U.S. 668, 687–88, 93 (1984). With respect to the first prong of this test, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. With respect to the second prong, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The defendant bears the burden to satisfy both of these elements. *Id.* at 687.

We turn first to Samet's claim regarding the plea offer before Samet's first trial. It is well settled that "failure to advise a client as to a plea offer is unreasonable performance." *Raysor v. United States*, 647 F.3d 491, 496 (2d Cir. 2011). But it is equally well settled that district courts need not accept the uncorroborated statements of a criminal defendant at face value. *See, e.g.*, *Purdy v. Zeldes*, 337 F.3d 253, 259 (2d Cir. 2003) ("[I]n most circumstances a convicted felon's self-serving testimony is not likely to be credible."). Here, we find nothing improper in the district court's determination that Samet's statement that Burstyn failed to inform or advise him about the plea offer—the only evidence Samet proffered on this issue—was uncorroborated and incredible.

Samet offers three arguments to challenge the district court's determination; each is without merit. First, Samet contends that his own sworn statement is corroborated by a declaration submitted by Burstyn. But as the district court repeatedly pointed out, Burstyn's declaration states only that he failed to inform Samet about certain informal plea negotiations between the first and second trials, which did not result in the extension of a formal plea offer. Burstyn's declaration does not state that he failed to convey a formal plea offer before Samet's

3

first trial. On remand, the district court offered Samet the opportunity to fill this evidentiary gap by eliciting in-court testimony from Burstyn, but Samet declined to do so.[**]

Second, Samet contends that his statement is corroborated by a letter dated November 9, 2001 from Burstyn's associate to the government. The letter references the government's formal plea offer and requests an extension of the deadline to respond in order to enable Burstyn to discuss the offer with Samet. The letter explains that Burstyn was out of town and Samet was in solitary confinement at the time. Far from supporting a claim of deficient performance, this letter shows diligent efforts by Burstyn and his associate to inform Samet of formal plea offers.

Finally, Samet contends that certain statements in the orders below reveal that the district court's credibility determination was the product of a bias against Samet. We see nothing in the record to suggest that the decision below rests on any improper ground. The voluminous trial evidence showing that Samet orchestrated multiple elaborate frauds over a nine-year period gave the district court ample reason to doubt Samet's veracity. Moreover, as the Supreme Court has recognized, a trial judge exposed to evidence of a defendant's crimes may properly become "exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person." *Liteky v. United States*, 510 U.S. 540, 550–51. (1994). For that reason, "judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* at 555.

We turn next to Samet's claim regarding Burstyn's failure to call or consult with expert handwriting and voice identification witnesses in order to undermine certain lay testimony that

---

[**] To the extent Samet contends that to elicit such testimony would have contravened this Court's order remanding the case, that contention is meritless. This Court's mandate authorized the district court to reconsider its prior ruling, which denied Samet's petition without a hearing. By offering to hold a hearing, the district court did just that.

the government presented to link Samet to the charged frauds. "A defense counsel's decision not to call a particular witness usually falls under the realm of trial strategy that we are reluctant to disturb," provided that the decision is "grounded in some strategy that advances the client's interests." *Eze v. Senkowski*, 321 F.3d 110, 129 (2d Cir. 2003). Here, Burstyn elected to undermine the government's witnesses through cross-examination rather than through rebuttal experts. That decision was reasonable. Indeed, Burstyn's attacks on the government's lay handwriting witness were so effective that the district court granted Burstyn's motion to strike. Furthermore, the other evidence connecting Samet to the charged frauds, including fingerprint evidence, surveillance photographs, documents, and witness testimony, was extensive. Thus, even if Burstyn's decision were unreasonable, Samet cannot show prejudice.

As for Samet's claim regarding Burstyn's failure to meet or consult before the second trial, while counsel has a duty "to consult with the defendant on important decisions and to keep the defendant informed of important developments," a reviewing court asks only "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Here, Burstyn represented Samet for both trials, and Samet does not contest that Burstyn's representation before and during the first trial was more than constitutionally adequate. Samet also does not claim that anything material to his case changed between the two trials. In that context, Burstyn's alleged failure to meet or consult with Samet before the second trial, while unfortunate, was not constitutionally deficient performance. In any event, Samet does not point to any evidence or defense that Burstyn overlooked as a result of his failure to consult, and thus Samet has failed to prove prejudice.

We turn finally to Samet's claim regarding Burstyn's bout of pneumonia during the second trial. In order to prevail on a claim of ineffective assistance based on counsel's illness, "a

5

defendant must point to *specific* errors or omissions in his courtroom behavior and conduct at trial that were a product of the attorney's illness." *United States v. Eyman*, 313 F.3d 741, 743 (2d Cir. 2002) (per curiam). Here, Samet points to no errors or omissions we have not already found insufficient for the reasons stated above. In addition, we note that the district court made numerous accommodations for Burstyn's illness, including a one-week adjournment, adjusting the order of witnesses, and ending trial days early. We see no basis to disturb the district court's conclusion that, notwithstanding his illness, Burstyn provided excellent representation throughout Samet's second trial.

We have considered all of the petitioner's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the decision of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6