13-2437-pr
Zazi v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand fourteen.

PRESENT:   RALPH K. WINTER,
                    REENA RAGGI,
                    SUSAN L. CARNEY,
                              *Circuit Judges.*
----------------------------------------------------------------------
MOHAMMED WALI ZAZI,
                    *Petitioner-Appellant,*


                    v.                                                    No. 13-2437-pr


UNITED STATES OF AMERICA,
                    *Respondent-Appellee.*
----------------------------------------------------------------------
FOR APPELLANT:                    Sally Wasserman, Esq., New York, New York.

FOR APPELLEE:                     David C. James, Berit W. Berger, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 30, 2013, is VACATED and REMANDED.

Petitioner Mohammed Zazi appeals from the denial of his 28 U.S.C. § 2255 petition for a writ of habeas corpus, seeking relief from his 2011 conviction for conspiratorial and substantive obstruction of justice, see 18 U.S.C. § 1512(c)(1), (k), and visa fraud, see id. § 1546(a), insofar as Zazi claimed that he was denied effective assistance of counsel by his lawyer's failure to file a timely notice of appeal. This court granted a certificate of appealability on the following issue: "whether the district court should have conducted further inquiry, including seeking affidavits from trial counsel or holding a hearing, on whether Appellant had directed his attorneys to file an appeal and whether counsel's failure to do so violated his rights." Dkt. No. 22 at 1. The parties agree that the district court, in detailing its reasons for rejecting Zazi's claim that counsel was ineffective in representing him at trial on the obstruction charges or at his guilty plea on the fraud charge, nevertheless, failed to address the claimed failure to file a notice of appeal.

Our precedent holds that "a lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable." Campusano v. United States, 442 F.3d 770, 773 (2d Cir. 2006) (citing Roe v. Flores–

Ortega, 528 U.S. 470, 477 (2000)). Thus, even where, as here, a petitioner has waived his right to appeal, we have held that a claim that counsel failed to file a requested notice of appeal warrants a hearing before the district court to determine whether such a request was in fact made. See id. at 776–77 ("A defendant who executes a waiver may sign away the right to appeal, but he or she does not sign away the right to the effective assistance of counsel.").

Because no such hearing was conducted here, on consent of the parties, we remand this case to the district court to conduct an evidentiary inquiry into Zazi's claim that counsel was constitutionally ineffective in failing to file a requested notice of appeal, leaving the scope and nature of that hearing to the discretion of the district court. See Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011).

Accordingly, we VACATE the district court's judgment and REMAND the case for further proceedings consistent with this decision.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3