14-4740-cr
United States v. Washington

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of  June, two thousand sixteen.

Present:      ROSEMARY S. POOLER,
              RAYMOND J. LOHIER, JR.,
              SUSAN L. CARNEY,
                      *Circuit Judges*.

---------------------------------------------------------------------

UNITED STATES OF AMERICA,

                      *Appellee*,

              v.                                          14-4740-cr

KIRK BENT, AKA MEGA,

                      *Defendant*,

RANDY WASHINGTON, AKA SEALED DEFENDANT 1,

                      *Defendant-Appellant*.

---------------------------------------------------------------------

Appearing for Appellant:     David Gordon, New York, NY.

Appearing for Appellee:      Telemachus Kasulis, Assistant United States Attorney (Christopher DiMase and Margaret Garnett, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Randy Washington appeals from a judgment of conviction entered on December 19, 2014, in the United States District Court for the Southern District of New York (Sullivan, *J.*), following a one-week jury trial. Washington was convicted of various robbery, drug, and gun crimes and sentenced principally to 27 years' imprisonment. Before sentencing, the district court denied Washington's post-trial motion, which alleged that he was incompetent to engage in plea negotiations and had received ineffective assistance of counsel. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Washington first argues that the district court, in denying his post-trial motion, erred in failing to find that Washington was incompetent to engage in plea negotiations. "We will uphold a district court's [competency] finding unless clearly erroneous." *United States v. Nichols*, 56 F.3d 403, 411 (2d Cir. 1995).

The Due Process Clause requires that a defendant be competent to stand trial. *United States v. Arenburg*, 605 F.3d 164, 168 (2d Cir. 2010). The test for determining whether a defendant is competent is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). This standard applies both to a defendant's competency to stand trial and to his competency to plead guilty. *Godinez v. Moran*, 509 U.S. 389, 399 (1993). The court determines competency by a preponderance of the evidence. *Nichols*, 56 F.3d at 410.

The district court did not clearly err in concluding that Washington was competent to engage in plea negotiations. Neither of the two psychologists who examined Washington concluded that he was incompetent to engage in plea negotiations. To the contrary, Dr. Sanford Drob concluded that Washington was "competent to proceed to sentencing" and had "no indication that he was not competent to proceed at the time of his trial." App'x at 65, 71. As noted, the standards for competence to stand trial and competence to plead guilty are the same. *Godinez*, 509 U.S. at 399. Dr. Drob also concluded that Washington was capable of "cooperating with counsel," App'x at 65, and Dr. William Barr explained how Washington was "able to describe the concept of plea bargaining," including "the advantages received by both the defendant and the prosecutors in a hypothetical plea situation," App'x at 77. Although both psychologists expressed a concern that Washington may have had an "unrealistic view of the evidence against him, his chances of prevailing at trial, and the consequences he would face if convicted," App'x at 71, 81, this is not the same as finding Washington incompetent. *See Dusky*, 362 U.S. at 402. Moreover, the district court stated that its own observations of Washington—at his arraignment, during the six-day trial, and at various court proceedings before and after trial—"mirror[ed] Dr. Drob's and Dr. Barr's findings as to [Washington's] competence to engage in plea negotiations and stand trial." App'x at 144. In view of these facts, the district court did not clearly err in determining that Washington was competent to engage in plea negotiations.

Washington further contends that, at a minimum, the district court should have held an evidentiary hearing on the issue. We review a district court's decision whether to hold an evidentiary hearing on the issue of competency for abuse of discretion. *Arenburg*, 605 F.3d at 169.

"At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . the defendant . . . may file a motion for a hearing to determine the mental competency of the defendant." 18 U.S.C. § 4241(a). The district court "shall grant the motion . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* "Neither the federal statute governing competency determinations, 18 U.S.C. § 4241, nor the Due Process Clause requires a hearing in every instance; a hearing is required only if the court has 'reasonable cause' to believe that the defendant has a mental defect rendering him incompetent." *Nichols*, 56 F.3d at 414. In deciding that an evidentiary hearing is necessary, a court may rely on "many factors," *Arenburg*, 605 F.3d at 169 (internal quotation marks omitted), including reports from psychologists and the court's own observations, *see Nichols*, 56 F.3d at 414.

The district court did not abuse its discretion in declining to hold an evidentiary hearing on the competency issue. The district court ordered the psychological evaluations "out of an abundance of caution" despite its "own observations suggesting that [Washington] was and remained competent." App'x at 146. Because the evaluations "only confirmed [Washington's] competence," the court concluded that an evidentiary hearing was unnecessary. App'x at 146.

Washington next argues that the district court erred in rejecting his ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668 (1984). He contends that his trial counsel was constitutionally ineffective in failing to show him a draft plea agreement and advise him that, under the proposed plea agreement, Washington could be sentenced to as little as seven years' imprisonment and that he would have the right to appeal any sentence that exceeded the Guidelines range. We review a district court's findings of fact in connection with ineffective assistance claims for clear error. *Chhabra v. United States*, 720 F.3d 395, 407 (2d Cir. 2013). We review de novo the district court's "ultimate rulings as to *Strickland*'s components[] and its ultimate decision as to whether counsel's performance violated the defendant's Sixth Amendment rights." *Id.*

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland*, 466 U.S. at 686. This right extends to the plea-bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). To be entitled to relief on a claim of ineffective assistance, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.

To show prejudice, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the plea-bargaining context, the defendant must show that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the

3

court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 132 S. Ct. at 1385. To demonstrate prejudice, a defendant may not rely solely on his own, self-serving statement post-verdict that he would have accepted a more favorable plea deal. *See Raysor v. United States*, 647 F.3d 491, 495 (2d Cir. 2011). Rather, the statement must be accompanied by some "objective evidence" that supports an inference that the petitioner would have accepted the proposed plea offer if properly advised. *Id.* This "objective evidence" may include a significant sentencing disparity between the sentence imposed and the sentence that effective counsel would have obtained for the defendant. *See United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998); *Raysor*, 647 F.3d at 495.

The district court correctly concluded that Washington failed to demonstrate prejudice, as he could not show that but for his counsel's allegedly ineffective advice, there was a reasonable probability that he would have accepted the plea offer. Washington admitted that his trial counsel told him that the government was offering a plea deal that would result in "guidelines of approximately ten years' imprisonment," App'x at 120, and he has not contested that he was aware of the forty-two year disparity between the ten-year plea offer and the fifty-two year mandatory minimum that would result from a guilty verdict at trial. Nonetheless, Washington turned down the ten-year plea offer. We agree with the district court that "[Washington's] claim that the forty-two year disparity did not compel him to accept the plea offer but that a forty-five year disparity would have is simply incredible." App'x at 149. We further agree that it is "highly improbable" that Washington would have taken the plea had he known that he could have appealed a sentence exceeding the Guidelines range, App'x at 149, as "all available facts suggest overwhelmingly that [Washington] still would have chosen to go to trial," App'x at 149.

Finally, the district court did not err in declining to hold an evidentiary hearing on the issue of prejudice. We review the district court's denial of a request for an evidentiary hearing for abuse of discretion. *United States v. Levy*, 377 F.3d 259, 264 (2d Cir. 2004). Washington's claim of prejudice was implausible on its face, and he identifies no evidence that he could have introduced at an evidentiary hearing that would have helped him establish prejudice.

We have considered the remainder of Washington's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk