16-3154
Sehgal v. United States

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of December, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             PETER W. HALL,
                          *Circuit Judges*.

_____

SHASHIBALA SEHGAL,

                          *Movant-Appellant*,

                    v.                                          16-3154

UNITED STATES OF AMERICA,

                          *Respondent-Appellee*.

_____

Appearing for Appellant:     Florian Miedel, Miedel & Mysliwiec LLP, New York, N.Y.

Appearing for Appellee:      Jason M. Manning, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellant Shashibala Sehgal appeals from the August 19, 2016 opinion and order of the District Court for the Eastern District of New York (Feuerstein *J.*) denying, without a full-blown evidentiary hearing, her habeas motion to vacate, set aside or correct her sentence of imprisonment on the ground that she received ineffective assistance of counsel. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review the district court's denial of a hearing under 28 U.S.C. § 2255 for abuse of discretion." *Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001) (citing *United States v. Russo*, 801 F.2d 624, 627 (2d Cir. 1986)). In a Section 2255 case, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "[i]t is within the district court's discretion to determine the scope and nature of a hearing." *Raysor v. United States*, 647 F.3d 491, 494 (2d Cir. 2011). "[W]hen the judge who tried the underlying proceedings also presides over a § 2255 motion, a full-blown evidentiary hearing may not be necessary." *Id.*; *see also Blackledge v. Allison*, 431 U.S. 63, 81-82 (1977) ("[A]s is now expressly provided in the Rules Governing Habeas Corpus Cases, the district judge ... may employ a variety of measures in an effort to avoid the need for an evidentiary hearing ... In short, it may turn out ... that a full evidentiary hearing is not required."). "Although our precedent disapproves of summary dismissal of petitions where factual issues exist, it permits a middle road of deciding disputed facts on the basis of written submissions." *Raysor*, 647 F.3d at 494 (citations and alterations omitted).

Here, the district court, which presided over the trial and sentencing, did not exceed its discretion in declining to hold a full-blown evidentiary hearing. Sehgal's written submissions in her motion regarding her decision not to testify were contradicted by her prior statements to the court, both in a letter and at her sentencing hearing. Under these circumstances, the district court was not required to hold a testimonial hearing, and properly resolved factual issues on the basis of written submissions alone. *See Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009) (district court need not "assume the credibility of [a movant's] factual assertions … where the assertions are contradicted by the record in the underlying [criminal] proceeding."). As a result, there was no error in the district court's decision to deny the petition without a full-blown evidentiary hearing.

We have considered the remainder of Sehgal's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk