**UNITED STATES of America, Appellee,**

v.

**Jose TEJADA, Jose Luis Mejia, Jose Avile, Defendants–Appellants.**

Nos. 07–3419–cr(L), 07–5289–cr(CON), 08–2665–cr(CON).

United States Court of Appeals, Second Circuit.

Sept. 30, 2009.

Ricardo R. Morel, Woodside, New York, for Jose Avile.

Marsha R. Taubenhaus, New York, New York, for Jose Luis Mejia.

John J. Garzon, Sunnyside, New York, for Jose Tejada.

Reed M. Brodsky, Assistant United States Attorney (Daniel A. Braun, Assistant United States Attorney, on the brief), for Lev L. Dassin, Acting United States Attorney for the Southern District of New York.

PRESENT: PIERRE N. LEVAL, REENA RAGGI, Circuit Judges, JOHN GLEESON, District Judge.*

## SUMMARY ORDER

Defendant Avile was convicted, following a guilty plea, of one count of conspiring to distribute heroin, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; one count of distributing heroin, *see id.* § 841(a)(1), (b)(1)(A); and one count of carrying, brandishing, and possessing a firearm during and in relation to the heroin trafficking offenses, *see* 18 U.S.C. § 924(c)(1)(A)(ii),[2] and was sentenced principally to concurrent terms of 131 months' imprisonment on the heroin-distribution counts and a

consecutive term of 84 months' imprisonment on the § 924(c)(1)(A)(ii) count. On appeal, Avile contends that his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, were violated by the inclusion of the § 924(c)(1)(A)(ii) count of conviction in a superseding indictment filed on October 31, 2006, more than a year after a complaint charged Avile with possession of a firearm during a drug offense, *see id.* § 924(c)(1)(A)(i). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Speedy Trial Claim*

Avile's Speedy Trial Act claim fails in light of his guilty plea. "A knowing and voluntary guilty plea waives all nonjurisdictional defects in the prior proceedings," including a claimed speedy trial violation, "unless the defendant specifically reserves the right to appeal" the issue in writing, having obtained "approval of the court and the consent of the government." *United States v. Coffin*, 76 F.3d 494, 496–97 (2d Cir.1996). Because Avile made no such reservation of his speedy trial claim and does not challenge the validity of his plea, we deem this claim waived.

### 2. *Sentencing Remand*

The government, on its own initiative, notes that the 84–month consecutive sentence imposed under 18 U.S.C. § 924(c)(1)(A)(ii) was inconsistent with our

---

* District Judge John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

2. The judgment references subsection (i) of 18 U.S.C. § 924(c)(1)(A), but it is apparent from the record that subsection (ii), which address-

es the "brandish[ing]" of a firearm and imposes a seven-year mandatory minimum sentence, was the provision at issue here. *See* Plea Tr. at 20–22 (noting brandishing element); Sentencing Tr. at 4, 13 (referring to "7–year mandatory minimum" and imposing such a sentence). On remand and after providing any notice it considers appropriate, the district court may amend the written judgment as permitted by Fed.R.Crim.P. 36.

recent decision in *United States v. Williams*, 558 F.3d 166 (2d Cir.2009), and consents to remand for resentencing. We therefore remand for that purpose.

3. *Conclusion*

For the foregoing reasons, the judgment of conviction is AFFIRMED in part, and the case is REMANDED for resentencing in light of *United States v. Williams*, 558 F.3d 166 (2d Cir.2009).