07-5289-cr (Con)
United States v. Valentin (Mejia)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2009

(Argued:  September 24, 2009      Decided: February 9, 2011)

Docket Nos. 07-3419-cr (L), 07-5289-cr (CON), 08-2665-cr (CON)

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

JOSE TEJADA, JOSE LUIS MEJIA, JOSE AVILE,

*Defendants-Appellants*.[*]

Before:

LEVAL, RAGGI, *Circuit Judges*, and GLEESON, *District Judge*.[**]

---

[*] In this opinion, the court addresses only the appeal filed by defendant Jose Luis Mejia.  The appeals of defendants Jose Tejada and Jose Avile have been addressed in previously entered orders.  See United States v. Tejada, 347 F. App'x 660 (2d Cir. 2009) (Summary Order) (Avile); Order, United States v. Tejada, No. 07-3419-cr (2d Cir. Sept. 30, 2009) (Tejada).

[**] District Judge John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of conviction entered on November 20, 2007, in the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*), sentencing defendant Jose Luis Mejia to concurrent mandatory minimum prison terms of 120 months for conspiratorial and substantive drug trafficking and a consecutive 60-month prison term pursuant to 18 U.S.C. § 924(c)(1)(A)(i) for possessing a firearm in relation to these drug crimes. Following Abbott v. United States, 131 S. Ct. 18 (2010), which abrogates our earlier holdings in United States v. Williams, 558 F.3d 166 (2d Cir. 2009), and United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), we reject Mejia's challenge to the consecutive § 924(c)(1)(A) sentence as without merit.

AFFIRMED.

_____

MARSHA R. TAUBENHAUS, New York, New York, *for Jose Luis Mejia*.

REED M. BRODSKY, Assistant United States Attorney (Daniel A. Braun, Assistant United States Attorney, *on the brief*), *on behalf of* Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, New York, *for Appellee*.

_____

REENA RAGGI, *Circuit Judge*:

Defendant Jose Luis Mejia appeals from a judgment of conviction entered on November 20, 2007, in the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*), sentencing him to concurrent mandatory minimum prison terms of 120 months for conspiratorial and substantive drug trafficking, see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and a consecutive 60-month prison term for possessing a

firearm in relation to these drug crimes, see 18 U.S.C. § 924(c)(1)(A)(i). Mejia contends that to the extent the district court thought a consecutive sentence was required by § 924(c)(1)(A), the judgment runs afoul of our decisions in United States v. Williams, 558 F.3d 166 (2d Cir. 2009), and United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). To the extent our construction of § 924(c)(1)(A) in Williams and Whitley supports Mejia's argument, that construction was rejected by the Supreme Court in Abbott v. United States, 131 S. Ct. 18 (2010). Following Abbott, we reject Mejia's appeal on the merits and affirm the judgment of conviction.

## I.      Background

On April 25, 2007, Mejia pleaded guilty to three counts of a nine-count superseding indictment: Count One, charging conspiracy to distribute one or more kilograms of heroin; Count Two, charging distribution and possession with intent to distribute the same amount of heroin; and Count Seven, charging the use, carrying, and possession of a firearm during and in furtherance of the two drug crimes. Pursuant to a plea agreement, the prosecution predicted that Mejia's Sentencing Guidelines range for the drug trafficking counts would be 135 to 168 months' imprisonment, with a consecutive 60-month prison term mandated by 18 U.S.C. § 924(c)(1)(A)(i) for the firearm count. Mejia agreed that he would not appeal or collaterally challenge any sentence within or below this prediction. On November 19, 2007, the district court imposed a below-Guidelines, concurrent prison sentence of 120 months – the mandated statutory minimum, see 21 U.S.C. § 841(b)(1)(A) – for each of the drug trafficking counts and a consecutive prison sentence of 60 months for the firearm count.

3

Notwithstanding the waiver contained in his plea agreement, Mejia timely appealed, arguing that the imposition of a mandatory consecutive sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(i) in his case ran afoul of this court's holding in United States v. Williams, 558 F.3d 166 (holding that mandatory consecutive 60-month sentence under § 924(c)(1)(A)(i) does not apply when defendant is subject to longer mandatory minimum for predicate drug trafficking offense). To ascertain whether Mejia complained of more than harmless error, we remanded his case to the district court to allow it to clarify whether it would have imposed a lesser or non-consecutive sentence on the firearm count if it had understood that it was permitted to do so under Williams. See United States v. Tejada, 364 F. App'x 714 (2d Cir. 2010) (Summary Order) (citing United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994)). On August 26, 2010, the district court indicated that it would have imposed a non-consecutive sentence if free to do so under the statute. See Order, United States v. Mejia, No. 05 Cr. 953 (RMB), ECF No. 371 (S.D.N.Y. Aug. 26, 2010).

While Mejia's appeal was pending, the Supreme Court granted a writ of certiorari in the consolidated cases of Abbott v. United States, 130 S. Ct. 1284 (2010), and Gould v. United States, 130 S. Ct. 1283 (2010), to resolve a circuit split over the proper construction of § 924(c)(1)(A), specifically, its introductory "except" clause. We now review Mejia's sentencing challenge with the benefit of the Supreme Court's November 15, 2010 resolution of the issue in Abbott v. United States, 131 S. Ct. 18.

II.    **Discussion**

Title 18 U.S.C. § 924(c)(1)(A) states as follows:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–

> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). Where applicable, the prescribed five-, seven-, or ten-year minimum sentences (for possession, brandishing, or discharge, respectively) must run consecutively to any other term of imprisonment, including the term imposed for the predicate crime of violence or drug trafficking. See id. § 924(c)(1)(D)(ii).[1]

Construing § 924(c)(1)(A) in United States v. Whitley, 529 F.3d 150, this court concluded that the statute's "except" clause "means what it literally says," i.e., that a

---

[1] Title 18 U.S.C. § 924(c)(1)(D) states in relevant part:

Notwithstanding any other provision of law –
　. . .
　(ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

mandatory minimum consecutive sentence under that statute does not apply where "a greater minimum sentence is otherwise provided by . . . any other provision of law." Id. at 153 (quoting 18 U.S.C. § 924(c)(1)(A)). In Whitley, the defendant had been sentenced principally to concurrent terms of 282 months' imprisonment for Hobbs Act robbery, see 18 U.S.C. § 1951, and Armed Career Criminal Act ("ACCA") firearm possession, see id. §§ 922(g)(1), 924(e), plus a consecutive mandatory minimum term of 120 months' imprisonment for discharge of a firearm in relation to a crime of violence, see id. § 924(c)(1)(A)(iii). The court held that the plain meaning of the § 924(c)(1)(A) "except" clause exempted the defendant from a mandatory consecutive sentence of ten years for discharging a firearm because he was already subject to a higher fifteen-year mandatory minimum sentence on the ACCA firearm count. See United States v. Whitley, 529 F.3d at 158 (vacating and remanding for resentencing).

The following year, this court concluded that Whitley compelled the identification of plain error in the imposition of a mandatory minimum consecutive five-year sentence pursuant to § 924(c)(1)(A)(i) where the predicate drug trafficking crime carried a higher ten-year mandatory minimum pursuant to 21 U.S.C. § 841(b)(1)(A). See United States v. Williams, 558 F.3d at 170. Rejecting the government's argument that Whitley should be limited to its facts, i.e., to cases where the predicate crime was also a firearms offense, Williams reasoned that if Congress had intended the "except" clause to reference only mandatory minimum terms for firearms offenses, it would have been unnecessary to include the "by any other provision of law" phrase in the "except" clause. See id. at 171. Williams

6

concluded that the "except" clause applied to any statute imposing a higher mandatory minimum sentence for an offense "arising from the same criminal transaction or operative set of facts" as the § 924(c) crime. Id.

In Abbott v. United States, 131 S. Ct. 18, the Supreme Court declined to construe the § 924(c)(1)(A) "except" clause in the same way as this court in Whitley and Williams. Focusing on the phrase "otherwise provided by . . . any other provision of law," the Court identified the "key question" in interpreting the clause as "otherwise provided for what?" Id. at 26 (emphasis in original). The answer, the Court decided, is "for the conduct § 924(c) itself proscribes, i.e., possessing a firearm in connection with a predicate crime." Id. In short, the Court interpreted the "except" clause to mean that a defendant is "subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." Id. at 23 (emphasis added).

In reaching this conclusion, the Supreme Court expressly rejected what it deemed the "transactional approach" to § 924(c)(1)(A)'s "except" clause exemplified by our decision in Williams. See id. at 26 (citing United States v. Williams, 558 F.3d at 171).[2] Further, although the Court did not reference explicitly Whitley, it effectively abrogated that decision by declining Abbott's invitation alternatively to construe the "except" clause to reach at least

---

[2] After deciding Abbott, the Supreme Court granted certiorari in Williams, vacated the judgment, and remanded the case to this court, see United States v. Williams, 131 S. Ct. 632 (2010), where it remains pending.

7

other firearm offenses involving the same firearm at issue in the § 924(c) crime.[3]  See id.

The Court dismissed as "implausible" the premise it found implicit in the alternative interpretations urged by Abbott (and endorsed by Williams and Whitley), i.e., that in adding the "except" clause as part of a 1998 amendment entitled "An Act to throttle criminal use of guns," 112 Stat. 3469, Congress intended to "adopt[] a less aggressive mode of applying § 924(c), one that significantly reduced the severity of the provision's impact on defendants." Abbott v. United States, 131 S. Ct. at 26-27.  The Court observed that the proposed constructions resulted in "sentencing anomalies," and it was not convinced – as our court had been in Whitley, 529 F.3d at 155 – that Congress contemplated that these anomalies could be "cure[d]" through the exercise of district court sentencing discretion under 18 U.S.C. § 3553(a) or a Guidelines firearm sentencing enhancement.  See Abbott v. United States, 131 S. Ct. at 27-29.[4]

---

[3] Like the defendant in Whitley, Abbott was convicted, inter alia, of a § 924(c) count and ACCA firearm possession under 18 U.S.C. §§ 922(g), 924(e).  The district court sentenced Abbott to the mandatory fifteen-year term of imprisonment under ACCA and to a consecutive five-year term under § 924(c).  See Abbott v. United States, 131 S. Ct. at 23. In upholding Abbott's sentence, the Supreme Court necessarily rejected our construction of the "except" clause in Whitley.

[4] The Supreme Court observed, for example, that under the expansive interpretations of the "except" clause urged by Abbott, a defendant facing a five-year mandatory sentence for distributing a small quantity of drugs would face an additional mandatory seven-year sentence under § 924(c)(1)(A)(ii) if he brandished a firearm (for a combined twelve-year term of imprisonment), whereas a defendant who brandished a firearm in the course of distributing a larger quantity of drugs triggering a ten-year mandatory sentence would be saved from the consecutive seven-year sentence by the "except" clause.  See Abbott v. United States, 131 S. Ct. at 27.

8

Thus, in marked contrast to our holdings in Whitley and Williams, the Supreme Court construed the "any other provision of law" segment of the "except" clause to apply only to statutes that provide a greater mandatory minimum sentence for an offense that embodies all the elements of a § 924(c) crime. See id. at 29. The Court reasoned that this more cabined interpretation (1) gives effect to the clear statutory command that § 924(c) offenders receive additional punishment; (2) makes sense as a matter of syntax because the "except" clause, as a proviso to § 924(c), is most naturally understood to reference the conduct proscribed by that subsection; and (3) finds strong contextual support in that the "any other provision of law" phrase furnishes the same "no-stacking" of sentences instruction for cases where another statute punishes conduct proscribed by § 924(c) as the "by this section" phrase does for the tiered punishments specified under § 924(c) itself. Id. at 29-30. With respect to this latter point, the Court acknowledged that only one statute would presently fall within the ambit of the § 924(c) "except" clause, i.e., 18 U.S.C. § 3559(c) (providing for life sentence for certain repeat violent felons convicted, inter alia, of "firearms possession (as described in section 924(c))"). See Abbott v. United States, 131 S. Ct. at 30. Nevertheless, the Court observed that the "any other provision of law" phrase serves as a "safety valve" in the event that Congress should enact other statutes, akin to § 3559(c), mandating higher minimum sentences when conduct already proscribed by § 924(c) is engaged in under aggravating circumstances. Id. at 30-31.

Because neither Whitley nor Williams interpreted the "any other provision of law" segment of the "except" clause as limited to statutes that impose a higher mandatory

9

minimum for conduct proscribed by § 924(c), i.e., possession, brandishing, or discharge of a firearm in connection with a drug trafficking crime or a crime of violence, we now conclude that these decisions are abrogated by Abbott. Mejia relies exclusively on Williams to challenge his consecutive § 924(c)(1)(A) sentence. He does not – and cannot – assert that he stands convicted under "another provision of law directed to conduct proscribed by § 924(c) [that] imposes an even greater mandatory minimum." Id. at 23. Accordingly, relying on Abbott, we identify no error in the challenged sentence. The district court was correct in its original conclusion that it was required by law to impose a five-year term of imprisonment on the § 924(c) count of conviction to run consecutive to the concurrent ten-year mandatory minimum sentences imposed for the predicate drug trafficking crimes.

## III.    Conclusion

To summarize, we conclude as follows:

1.  This court's decisions in United States v. Whitley, 529 F.3d 150, and United States v. Williams, 558 F.3d 166, construing the "except" clause of 18 U.S.C. § 924(c)(1)(A), are abrogated by the Supreme Court's decision in Abbott v. United States, 131 S. Ct. 18.

2.  Because defendant does not stand convicted under both § 924(c) and another provision of law directed to conduct proscribed by § 924(c), he cannot claim the benefit of

10

that statute's exception to its otherwise mandatory minimum consecutive sentence. The district court was statutorily obliged to impose a sentence of 60 months' imprisonment pursuant to § 924(c)(1)(A)(i) consecutive to the mandatory minimum sentence of 120 months' imprisonment for drug trafficking.

The judgment of conviction is AFFIRMED.