07-0841-cr
*USA v. Vasquez (Julio de la Cruz)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of February, two thousand eleven.

PRESENT: PIERRE N. LEVAL,
         ROBERT D. SACK,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*

         -v.-                                07-0841-cr

JULIO DE LA CRUZ,

                    *Defendant-Appellant.*

---

FOR APPELLANT:      JONATHAN I. EDELSTEIN (Robert M.
                    Grossman, *of counsel*), New York, NY.

FOR APPELLEE:       PREET BHARARA, United States Attorney for
                    the Southern District of New York (Rachel
                    P. Kovner & Iris Lan, Assistant United
                    States Attorneys, *of counsel*), New York,
                    NY.

    Appeal from the United States District Court for the Southern District of New York (Jones, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

Appellant appeals from an order of the United States District Court for the Southern District of New York (Jones, *J.*), declining to resentence him on a *Crosby* remand from this court. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant was convicted in the Southern District of New York in 2003 on four counts, including one count of conspiracy to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846, one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(I), and one count of possession and use of a firearm in furtherance of a narcotics conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(I). In drafting the presentence report, the Probation Department interpreted Section 924(c) as requiring a mandatory five year consecutive sentence. In March 2004, Judge Jones adopted the Department's calculation, sentencing Appellant to 188 months' imprisonment on the other three counts, to be

followed by 60 months' imprisonment to be served consecutively on the firearms count.

In November 2004, this Court rejected Appellant's challenge to his sentence, but withheld its mandate pending decision of *United States v. Booker*, 543 U.S. 220 (2005). After *Booker* was decided, this Court remanded the case to the district court for possible resentencing. In January 2007, Judge Jones issued an order declining to resentence Appellant. Appellant appeals from this order. His only potentially meritorious claim on appeal, based on the "except" clause of 18 U.S.C. § 924(c)(1)(A), is foreclosed by a recent Supreme Court case, as recognized by this Court.

The Supreme Court has abrogated the interpretation of the "except clause" reached by our precedents *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), and *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008). *Abbott v. United States*, 131 S. Ct. 18, 23 n.2, 26 (2010); *see also United States v. Tejada*, No. 07-5289, 2011 WL 420670 at *3 (2d Cir. Feb. 9, 2011) (acknowledging that *Abbott* abrogates *Williams* explicitly and *Whitley* implicitly). The appellant in *Tejada* relied on *Williams* to challenge his consecutive Section 924(c)(1)(A) sentence, and after *Abbott*, *Williams* could not

3

assist him in such a challenge. *Id*. at *4. In the instant case, Appellant's challenge to his consecutive Section 924 sentence is similarly foreclosed by *Abbott*. We have considered Appellant's remaining arguments, and find them without merit.

For the foregoing reasons, the order of the district court is hereby **AFFIRMED**.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```