United States v. Dewar

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of December, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL
         GUIDO CALABRESI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                        14-2095

DONAHUE DEWAR,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLEE:              Jason M. Swergold and Michael A.
                           Levy, Assistant United States
                           Attorneys, for Preet Bharara,
                           United States Attorney for the
                           Southern District of New York.

1

**FOR APPELLANT:**                    Ryan Thomas Truskoski, Ryan Thomas Truskoski, P.A., Harwinton, Connecticut.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant Donahue Dewar appeals from a judgment of conviction and sentence entered by the United States District Court for the Southern District of New York (Karas, <u>J.</u>). The defendant claims that on remand the district court went beyond the scope of the mandate and improperly relied on prior felony information to sentence him to a mandatory minimum sentence of 240 months. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

At the original sentencing, the district court failed to hold a colloquy on the existence of the prior conviction, as required by statute. <u>See</u> 21 U.S.C. § 851(b). That prior conviction increased the mandatory minimum from 10 to 20 years imprisonment for that count. <u>See</u> 21 U.S.C. §§ 841(b)(1)(A) & 851. We upheld the 20-year sentence, and deemed harmless the error of neglecting to hold a colloquy, because the district court expressly stated it would have imposed the same sentence regardless of any mandatory minimum. <u>See</u> <u>United States v. Dewar</u>, 375 F. App'x 90, 94 (2d Cir. 2010). The Supreme Court granted certiorari on the Government's appeal (which argued that the mandatory minimum of § 924(c) must be imposed consecutively), vacated our judgment, and remanded to us for further consideration. We then re-affirmed the conviction "[f]or the reasons stated in our earlier order," and remanded to the district court for the "limited purpose" of allowing the district court to impose a sentence in accord with the Supreme Court's decision in <u>Abbott v. United States</u>, 562 U.S. 8 (2010) and our decision in <u>United States v. Tejada</u>, 631 F.3d 614, 619 (2d Cir. 2011). <u>See</u> <u>United States v. Dewar</u>, 420 F. App'x 95, 96-97 (2d. Cir. 2011). Those decisions establish that § 924(c) requires a mandatory consecutive sentence even where a defendant also receives a higher mandatory minimum sentence under a different statute on a different count of conviction.

2

Prior to remand, Dewar had been serving *concurrent* sentences of 60 months' imprisonment for possessing a gun in furtherance of a drug trafficking crime, see 18 U.S.C. § 924(c), and 240 months' imprisonment for conspiracy to distribute five kilograms or more of cocaine and a quantity of marijuana, see 21 U.S.C. § 846. On remand, in accordance with Abbott and Tejada, the district court sentenced Dewar to 300 months, which included 240 months for conspiracy and a *consecutive* sentence of 60 months for the § 924(c) charge. The district court took an additional step by giving Dewar a hearing on the prior felony, even though the district court acknowledged that this was likely beyond the scope of the mandate. The district court found that the Government had proved the existence of the prior felony "conclusively."

"[A]bsent explicit language in the mandate to the contrary, resentencing should be limited when the Court of Appeals upholds the underlying convictions but determines that a *sentence* has been erroneously imposed and remands to correct that error." United States v. Quintieri, 306 F.3d 1217, 1228 (2d Cir. 2002). Dewar now claims that the district court improperly exceeded the mandate when it held a hearing on the question of the prior felony; he hopes we will ignore both the district court's finding that the prior felony "conclusively" happened and our own conclusion that any failure to conduct a colloquy at the original sentencing was harmless. Dewar's challenge to the increase of the mandatory minimum based on the prior felony information is moot because the original sentencing judge made clear that the 240-month sentence would be imposed regardless of whether Dewar was a prior offender. See Dewar, 420 F. App'x at 96 (citing Dewar, 375 F. App'x at 92-94). Our remand was narrowly limited to imposing a consecutive sentence for the § 924(c) charge. The district court did that, and any hearing on the prior felony was not an error that requires yet another remand for yet another resentencing.

For the foregoing reasons, and finding no merit in defendant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK