**Donovan A. HOUGH, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

1:12–CV–0945 EAW
1:89–CR–0115EAW

United States District Court,
W.D. New York.

Signed 04/11/2016

Donovan A. Hough, Fort Dix, NJ, pro se.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

### INTRODUCTION

On October 5, 2012, Petitioner Donovan Hough ("Petitioner"), proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt.210).[1] Petitioner seeks to vacate his conviction and sentence on the grounds that he was denied effective assistance of counsel by attorneys Carl Dobozin, Esq. and Alan D. Goldstein, Esq. (Dkt. 211 at 1–3). Petitioner claims that his attorneys failed to "give any advi[ce] concerning the acceptance of a plea bargain." (*Id.* at 9).

On November 18, 2013, Petitioner filed a motion to amend his § 2255 petition, claiming that the Second Circuit Court of Appeals decisions in *United States v. Whitley*, 529 F.3d 150 (2d Cir.2008), and *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), "voided the Judgments in Counts 7, 8, & 9." (Dkt.224).

After identifying a potential issue with respect to the timeliness of the filing of Plaintiffs petition, the Court directed the United States Attorney's Office to file a response specifically addressing the issues of the applicability of the statute of limitations to the instant petition and whether the Government had intentionally waived the timeliness defense. (Dkt.236). The United States Attorney's Office was also directed to address the timeliness of Petitioner's motion to amend his § 2255 petition. (*Id.*). The Government filed its response on January 29, 2016. (Dkt.237)

For the following reasons, Petitioner's Motion to Amend His Petition (Dkt.224) is denied. However, the Court finds there are outstanding questions of fact with respect to the communications that occurred surrounding Petitioner's plea negotiations, and as a result, an evidentiary hearing must be conducted on Petitioner's § 2255 petition. (Dkt. 210).

### DISCUSSION

#### I. Timeliness of the Filing of the Petition

Under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), a one-year period of limitations applies to a motion attacking a sentence by a person in federal custody. 28 U.S.C. § 2255(f). The limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(*l*)–(4). This one-year time limit is considered a statute of limita-

---

1. All documents related to the instant case were filed in the related criminal case, 1:89– cr–00115, and therefore all docket references appear under that criminal case docket.

tions, as opposed to a jurisdictional bar. *Green v. United States*, 260 F.3d 78, 82 (2d Cir.2001).

■ Based on the Court's analysis, it appeared that the instant petition was time-barred under 28 U.S.C. § 2255. Petitioner was charged in 1989 with various drug-trafficking crimes related to activities in the City of Buffalo. (Dkt. 202 at 1). Following a jury trial, on June 8, 1990, Petitioner was found guilty on all counts of the superseding indictment in the action. (*Id.*). On June 14, 1991, Petitioner was sentenced to 480 months imprisonment followed by five years of supervised release. (Dkt.144). The Second Circuit Court of Appeals affirmed the conviction and sentence on April 9, 1992. *United States v. Bolden*, 963 F.2d 1521 (2d Cir.1992). The United States Supreme Court denied Petitioner's petition for writ of certiorari on October 5, 1992. *Hough v. United States*, 506 U.S. 880, 113 S.Ct. 228, 121 L.Ed.2d 165 (1992). On February 25, 1998, the Court issued a Decision and Order granting Petitioner's original § 2225 motion with respect to counts 2 and 10 and denying his motion with respect to the remaining counts. (Dkt. 223–1 at 1–18). Because the result did not impact the length of Petitioner's term of imprisonment, the Court determined that resentencing was not necessary and entered judgment on February 28, 1998. (*Id.* at 19).

Petitioner filed the instant motion on October 5, 2012, years after his judgment of conviction became final. (Dkt. 210). On November 18, 2013, Petitioner filed a motion to amend his § 2255 petition, over one year after he filed his initial § 2255 petition. (Dkt. 224). Accordingly, it seemed that the petition (Dkt. 210) and motion to amend the petition (Dkt. 224) had been filed well beyond the one-year statute of limitations.

Petitioner acknowledged that he had not previously argued ineffective assistance of counsel to any federal court, but claimed that when he was arrested there "was no 'rule' governing plea negotiations as being protected under the Sixth Amendment as one of the Critical stages of the proceedings." (Dkt. 210 at 9). He contended there was new case law that may be applied retroactively to his case. (*Id.* at 11). Specifically, Petitioner relied on the Supreme Court cases *Lafler v. Cooper*, —— U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) and *Missouri v. Frye*, —— U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), to argue that there is a new rule "extending the ineffectiveness of counsel [standard] to the negotiation process of plea bargaining and not just the guilty plea proceedings" that he claimed should be applied retroactively in light of *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). (Dkt. 211 at 4–6).

Based on this Court's reading of the Second Circuit Court of Appeals' decision in *Gallagher v. United States*, 711 F.3d 315 (2d Cir.2013), it appeared that the decisions of *Lafler* and *Frye* had not extended the time for Petitioner to file his § 2255 motion and that as a result, his petition was required to be filed within one year of the date his judgment of conviction became final. *Id.* at 315–16 ("Neither *Lafler* nor *Frye* announced a new rule of constitutional law. Both are applications of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, even if *Lafler* or *Frye* did announce a new rule of constitutional law, it was not made retroactive to cases on collateral review by the Supreme Court.") (citations and quotations omitted). Accordingly, the Court directed the Government to inform the Court concerning its position with respect to the timeliness of the filing of the petition. (Dkt. 236).

In its responsive papers, "[t]he government confirms that it waives any statute of limitations defense as to the claim of ineffective assistance of counsel which Hough asserted in his October 5, 2012, petition." (Dkt. 237 at 3).

Because the Government did intentionally waive any timeliness argument, the Court may not dismiss the case on timeliness grounds, but must instead analyze the case on the merits. *See Wood v. Milyard,* — U.S. —, 132 S.Ct. 1826, 182 L.Ed.2d 733 (2012) (in considering § 2254 petition, holding that a "court is not at liberty ... to bypass, override, or excuse a State's deliberate waiver of a limitations defense.").

## II. Petitioner's Motion to Amend His Petition

■ Plaintiff filed his motion to amend his petition on November 18, 2013, well beyond the expiration of AEDPA's statute of limitations. (Dkt.224). Thus, the Court will only consider Petitioner's motion to amend if it can "relate back" to his original § 2255 petition.

Fed.R.Civ.P. 15(c) "governs the timeliness of a motion to amend submitted after AEDPA's statute of limitations has expired." *Ching v. United States,* 298 F.3d 174, 181 (2d Cir.2002). Specifically, Fed. R.Civ.P. 15(c)(1)(B) provides that an amendment relates back to the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Id.* "The Supreme Court has concluded that '[a]n amended habeas petition .... does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Speed v. United States,* No. 04 CR. 336 PKC, 2013 WL 416026, at *2 (S.D.N.Y.

Feb. 4, 2013) (quoting *Mayle v. Felix,* 545 U.S. 644, 650, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005)). " 'If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance.' " *Id.* (quoting *Mayle,* 545 U.S. at 662, 125 S.Ct. 2562).

Here, Plaintiffs original petition is based on ineffective assistance of counsel during plea negotiations, while his motion to amend the petition is based on alleged changes to unrelated areas of the law. As a result, these papers do not arise from the same nucleus of operative facts, and Plaintiff's motion to amend does not relate back to his original petition. *See Martin v. United States,* 834 F.Supp.2d 115, 124 (E.D.N.Y.2011) ("Martin's second motion to amend, seeking resentencing in light of the Fair Sentencing Act of 2010 ... does not arise out of the same set of operative facts as his original petition and does not allege ineffective assistance of counsel. Thus, it cannot be said to relate back to the original claim."); *Hasarafally v. United States,* No. 10 CIV. 3457 SAS, No. 2012 WL 6107685, at *11 (S.D.N.Y. Dec. 10, 2012) (even where amended petition and original petition were for ineffective assistance of counsel, because they did not arise "from the same nucleus of operative facts," the amended petition was dismissed as untimely and did not relate back).

Not only is Petitioner's motion to amend untimely, it is also substantively barred. In his motion to amend his § 2255 petition, Petitioner claims that the Second Circuit Court of Appeals decisions in *United States v. Whitley,* 529 F.3d 150 (2d Cir. 2008), and *United States v. Williams,* 558 F.3d 166 (2d Cir.2009), "voided the Judgments in Counts 7, 8, & 9." (Dkt.224). As the Government notes in its response (Dkt. 237 at 3), *Whitley* and *Williams,* two deci-

sions from the Second Circuit Court of Appeals, have been abrogated by the United States Supreme Court's decision in *Abbott v. United States*, 562 U.S. 8, 131 S.Ct. 18, 178 L.Ed.2d 348 (2010). Therefore, the claims Petitioner asserts in his motion to amend are legally baseless. *See United States v. Tejada*, 631 F.3d 614, 619 (2d Cir.2011) ("Because neither *Whitley* nor *Williams* interpreted the 'any other provision of law' segment of the 'except' clause as limited to statutes that impose a higher mandatory minimum for conduct proscribed by § 924(c) ... we now conclude that these decisions are abrogated by *Abbott*."). Accordingly, Petitioner's motion to amend his petition (Dkt.224) is denied.

### III. Evidentiary Hearing Required

Petitioner asks the Court to conduct an evidentiary hearing on his original petition, arguing that he has "clearly established that he has a 'plausible' claim of ineffective assistance of counsel against Dobozin and Mr. Goldstein." (Dkt. 225 at ¶ 16). Petitioner claims that his attorneys failed to "give any advi[ce] concerning the acceptance of a plea bargain." (Dkt. 211 at 9). The Government argues that no evidentiary hearing is needed because Petitioner has failed to show that his counsel's performance was constitutionally ineffective. (Dkt. 223 at 6–9). The Government does not address Plaintiff's claims as against Mr. Dobozin, but notes that Mr. Goldstein is deceased (*Id.* at 9). The Government attempts to demonstrate that Mr. Goldstein did in fact communicate plea negotiations to Petitioner based on the affidavit and personal notes of Assistant United States Attorney Joseph M. Guerra, III, the attorney who prosecuted the underlying criminal case against Petitioner. (Dkt. 223 at 4–9; Dkt. 223–1 at 2–13).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "[A]n evidentiary hearing is required on a Section 2255 motion only when the papers on the motion, measured by the same standards of competence and admissibility applicable to motions for summary judgment, reveal the existence of a genuine issue of material fact." *Lamberti v. United States*, 22 F.Supp.2d 60, 71 (S.D.N.Y.1998). "An evidentiary hearing is not required 'where the allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably false or patently frivolous.'" *United States v. Sahabir*, 880 F.Supp.2d 377, 383 (N.D.N.Y.2012) (quoting *United States v. Malcolm*, 432 F.2d 809, 812 (2d Cir.1970)).

"[A] defendant's Sixth Amendment right to counsel attaches at all critical stages in the proceedings after the initiation of formal charges, which has been held to include plea negotiations." *United States v. Gordon*, 156 F.3d 376, 379 (2d Cir.1998) (quotations omitted). "A defendant seeking a hearing on an ineffective assistance of counsel claim 'need establish only that he has a "plausible" claim of ineffective assistance of counsel, not that he will necessarily succeed on the claim.'" *Raysor v. United States*, 647 F.3d 491 (2d Cir.2011) (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir.2009)). "The procedure for determining whether a hearing is necessary is in part analogous to ... a summary judgment proceeding.... If material facts are in dispute, a hearing should usually be held, and relevant findings of fact made." *Puglisi*, 586 F.3d at 213.

"To establish ineffective assistance of counsel, [the petitioner] must show both that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Andrews v. United States*, 381 Fed.Appx. 51, 53 (2d Cir.2010) (quotation omitted). *"Prima facie* evidence may include a petitioner's own statement, as was offered here; however, in order for the statement to be sufficiently credible to justify a full hearing, it must be accompanied by some 'objective evidence,' such as a significant sentencing disparity, that supports an inference that the petitioner would have accepted the proposed plea offer if properly advised." *Raysor*, 647 F.3d at 495. "With regard to the reasonableness of original counsel's performance, it is clear that failure to advise a client as to a plea offer is unreasonable performance." *Id.* at 496.

Here, Petitioner claims that he informed Mr. Dobozin at the initial attorney-client interview that he wished "to plead guilty to the information so as to avoid any enhancements that may arise after indictment surrounding the guns." (Dkt. 211 at 1; Dkt. 225 at ¶ 2). Petitioner claims he was indicted before any plea deal was communicated. (Dkt. 211 at 2; Dkt. 225 at ¶ 2). He further contends that he informed Mr. Dobozin following the indictment that he wanted to plead guilty, because he was aware that he had admitted at his arrest that the confiscated drugs were his. (Dkt. 211 at 2; Dkt. 225 at ¶¶ 5-6). Again, Petitioner claims that Mr. Dobozin did not communicate with him concerning any plea deal, and did not ever inform Petitioner of his exposure if he pled guilty. (Dkt. 211 at 2; Dkt. 225 at ¶ 6).

Petitioner contends that he relieved Mr. Dobozin and hired Mr. Goldstein to represent him for the remainder of his case, based "in part on Mr. Dobozin failing to secure a plea prior to July 6, 1989. . . ." (Dkt. 211 at 2; Dkt. 225 at ¶ 6). Petitioner asserts that he "immediately rehashed" his interest in pleading guilty to the indictment with his new attorney. (Dkt. 211 at 2). Following this communication, Petitioner was charged on a superseding indictment, which increased the charges against Petitioner from three to fourteen counts. (*Id.* at 3). Throughout this time, Petitioner claims "[c]ounsel never informed me of what I would face if I plead guilty when I was only charged with the three Count Indictment nor did he seek a plea on (CCE) or what my sentencing exposure would be if I lost trial." (*Id.*).

Petitioner asserts that he would have pled guilty to the earlier indictment or through negotiations on the superseding indictment if his attorneys had negotiated and communicated a plea deal, and ultimately would have received a reduced sentence. (*Id.* at 10–11). Particularly, Petitioner notes that had he been able to arrange a plea deal following the felony complaint or first indictment, he would not have been subject to the same statutory mandatory minimums he faced in his superseding indictment and to which he was ultimately sentenced. (Dkt. 225 at 10–11).

The Government opposes Petitioner's request for an evidentiary hearing, arguing "Hough's claims are refuted by the evidence of specific conversations AUSA Guerra had with Mr. Goldstein, Mr. Goldstein's subsequent representations to AUSA Guerra, from which this Court should draw the reasonable inference that Mr. Goldstein in fact discussed these matters with Hough, and that Hough rejected the plea proposals offered to him." (Dkt. 223 at 7). The inferences that AUSA Guerra has made concerning communications Mr. Goldstein may have had with Petitioner based on his own notes of communica-

tions with Mr. Goldstein are too tenuous to conclusively determine that Petitioner has failed to establish an issue of material fact, particularly in view of Petitioner's sworn affidavit submitted in response to the Government's argument, attesting that neither of his attorneys communicated any plea offers, despite Petitioner's repeated requests for them to engage in plea negotiations. (Dkt. 225). Indeed, according to AUSA Guerra, the plea offers discussed with Mr. Goldstein would have resulted in significantly less imprisonment than that currently being served by Petitioner. The Court cannot, based on the current record before it, assess the credibility of the opposing versions of events. Further, the Government does not address Petitioner's claims as against Mr. Dobozin.

As a result, there is a genuine issue of material fact as to whether certain plea negotiations were properly communicated to Petitioner that will need to be resolved at an evidentiary hearing.

## IV. Appointment of Counsel

Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts provides: "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." *Id.*; *see also Short v. United States*, No. 97–CV–0061E(H), 1997 WL 276229, at *1 (W.D.N.Y. May 21, 1997) ("because of Short's indigent status this Court must appoint counsel for him if it determines that he is entitled to an evidentiary hearing").

Petitioner has not filed an *in forma pauperis* application in this case. Because Petitioner hired his counsel for the underlying criminal matter, the Court does not currently have a record of Petitioner's financial resources. *Cf. Wall v. United States*, No. 06–CR–400, 2008 WL 3049948, at *3 (N.D.N.Y. Aug. 1, 2008) ("Magistrate

Judge David Homer previously determined that Wall qualified for court-appointed counsel. Since Wall has been continuously incarcerated, it is doubtful that his financial situation has changed."). However, since Petitioner has been continuously incarcerated since 1989, it is highly likely that he is sufficiently indigent to qualify for the appointment of counsel under 18 U.S.C. § 3006A(a)(2).

Accordingly, pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, and 18 U.S.C. § 3006A(a)(2), the Court will conditionally appoint counsel to represent Petitioner for purposes of the limited evidentiary hearing referenced herein, subject to Petitioner's completion of an application for *in pauperis* status establishing that Petitioner is indeed financially eligible for assigned counsel. Upon the appointment of counsel, a status conference will be scheduled for the purpose of scheduling the evidentiary hearing.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Amend His Petition (Dkt.224) is denied. However, the Court finds there are outstanding questions of fact with respect to the communications that occurred surrounding Petitioner's plea negotiations, and as a result, will conduct an evidentiary hearing on Petitioner's § 2255 petition (Dkt.210). The Clerk of Court is directed to mail Petitioner a copy of this decision with a blank application for leave to proceed *in forma pauperis*. Petitioner is required to complete this application for *in pauperis* status **on or before May 2, 2016,** to assist the Court in confirming that Petitioner is indeed financially eligible for assigned counsel.

SO ORDERED.