United States v. Dewar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> GUIDO CALABRESI,
> DENNY CHIN,
> *Circuit Judges.*

---

United States of America,
> *Appellee,*

> v.                                                             16-1556

Donahue Dewar,
> *Defendant – Appellant,*

Charles Ernest Dewar, Sharon King,
> *Defendants.*

---

FOR DEFENDANT - APPELLANT:          DONAHUE DEWAR, *pro se*; Loretto, PA.

FOR APPELLEE:          JASON M. SWERGOLD, Assistant United States Attorney (Michael Ferrara, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York; New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED**.

Appellant Donahue Dewar, who is presently serving a 300-month term of imprisonment for drug and firearms charges, appeals, *pro se*, from the district court's determination, on its own motion, that he is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court reasoned that Dewar was ineligible because his sentence was based on a mandatory minimum that was not altered by Amendment 782. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Section 3582(c)(2) provides that a sentencing court may reduce a defendant's term of imprisonment if it was based on a sentencing guidelines range subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). We review *de novo* "the determination of whether the defendant's sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission," and thus whether he was eligible for § 3582(c)(2) relief. *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013) (internal quotation marks and alteration omitted).

Upon review, we conclude that the district court improperly determined that Dewar was not eligible for a sentence reduction. A defendant sentenced to a mandatory minimum is ineligible for a sentence reduction because his applicable guidelines range has not been lowered by an amendment to the sentencing guidelines. *See United States v. Johnson*, 732 F.3d 109, 114-15 (2d Cir. 2013); *United States v. Williams*, 551 F.3d 182, 185-87 (2d Cir. 2009). However, the history of Dewar's case reveals that his sentence for one

2

of his counts was not based on a mandatory minimum, but rather on a guidelines range that was subsequently lowered by Amendment 782.

Dewar was convicted of, inter alia, conspiracy to distribute more than five kilograms of cocaine and a quantity of marijuana in violation of 21 U.S.C. § 841 ("narcotics count") and possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("firearms count"). At sentencing, the district court determined Dewar's guidelines range for his narcotics count was 210 to 262 months' imprisonment. However, because Dewar had a prior felony drug conviction, his narcotics count had an enhanced 20-year mandatory minimum, resulting in a guidelines range of 240 to 262 months' imprisonment. The court sentenced Dewar to 240 months' imprisonment because of the mandatory minimum—with the firearms count running concurrently—but noted that Dewar's criminal history and the circumstances of his offense would have warranted the same sentence if the mandatory minimum did not apply. We affirmed the conviction, holding that the district court committed harmless error by failing to ask Dewar to affirm his prior conviction because the court would have imposed the same sentence without the mandatory minimum. *United States v. Dewar*, 375 F. App'x 90, 94 (2d Cir. 2010).

A year later, we directed the district court to resentence Dewar for his firearms count to reflect the decision in *Abbott v. United States*, 562 U.S. 8 (2010), which required courts to impose the 5-year mandatory sentence for violations of § 924(c) consecutively. At resentencing, the district court revisited the mandatory minimum for Dewar's narcotics count, determined it applied, and sentenced Dewar to 300 months' imprisonment—240 months for the narcotics count, and 60 months for the firearms count. On appeal, we held that remand to the district court was narrowly limited to resentencing for the firearms count, but affirmed the sentence on the grounds that the original sentence for the narcotics count was based on the guidelines. *United States v. Dewar*, 624 F. App'x 59, 60 (2d Cir. 2015).

Accordingly, we have twice determined implicitly that Dewar's 240-month sentence for his narcotics count was not based on a mandatory minimum, but rather on the applicable guidelines range used at his original sentencing. Because Amendment 782 lowered the offense levels for the U.S.S.G. §2D1.1 drug quantity tables, which were the basis for Dewar's original guidelines range, he is eligible for a sentence reduction.

3

We are therefore obliged to vacate the challenged order denying § 3582(c)(2) relief and to remand the case.   In doing so, we observe that the district court has the discretion to determine whether a reduction is warranted under the circumstances of the case.   *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010).   We take no position as to whether a reduction is called for in this particular case, or the appropriate extent of any such reduction.   *See id.*; *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).

We have considered all of the parties' remaining arguments and find them to be without merit.   Accordingly, the order of the district court is **VACATED**, and the case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4