12-2143, 12-2437, 12-3092
United States v. Amaury Lopez, Sr., Fabio Morel, and Amaury Lopez, Jr.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of June, two thousand fourteen.

Present:  ROSEMARY S. POOLER,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges.*

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

                    *Appellee*,

          -v-                                    12-2143-cr
                                                 12-2437-cr
                                                 12-3092-cr

AMAURY LOPEZ, SR., FABIO MOREL AKA FABIAN LUNA AKA
EFRAIN DELVALLE, AMAURY LOPEZ, JR. AKA Sealed Defendant 1
AKA JUNIOR,

                    *Defendants-Appellants.*[*]

───────────────────────────────────────────────


Appearing for Appellants:    Ruth M. Liebesman, Teaneck, NJ, *appearing for all Defendants-Appellants and for Appellant Amaury Lopez, Jr.* (Henry E. Marines, Law Offices of Henry E. Marines, Miami, FL, *for Appellant Amaury Lopez, Sr.*; Claudia Ima, Law Offices of Claudia Ima, Miami Lakes, FL, *for Appellant Fabio Morel*, *on the briefs*).

─────────────

[*]The Clerk of the Court is directed to amend the caption as above.

Appearing for Appellees:     David I. Miller and Jenna M. Dabbs, Assistant United States
                             Attorneys (Preet Bharara, United States Attorney for the Southern
                             District of New York; Aimee Hector and Justin Anderson,
                             Assistant United States Attorneys, *on the briefs*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments and orders of said District Court be and they hereby are **AFFIRMED**.

Defendants Amaury Lopez, Jr., Fabio Morel, and Amaury Lopez, Sr. appeal from a number of decisions and orders of the United States District Court for the Southern District of New York (Crotty, *J.*), and from ultimate judgments of conviction entered July 20, 2012, June 7, 2012, and May 17, 2012, respectively. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

I. Amaury Lopez, Sr.

Amaury Lopez, Sr. was charged with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and with distribution and intent to distribute cocaine in violation 21 U.S.C. § 841. After a jury trial, he was found guilty of these two counts. He was sentenced principally to 264 months' imprisonment on May 16, 2012, and the judgment of conviction was entered May 17, 2012.

On April 6, 2014, during the pendency of this appeal, Lopez, Sr. died in prison, at the age of 73. We subsequently granted his counsel's motion to withdraw the appeal, and remanded to the district court with instructions to dismiss the indictment. *See United States v. Wright*, 160 F.3d 905, 908 (2d Cir. 1998) ("[U]pon receiving notice of a defendant-appellant's death during the pendency of his direct appeal as of right, we normally vacate the judgment and remand to the district court with instructions to dismiss the indictment."). As such, we do not consider arguments raised uniquely by Lopez, Sr. in the course of these consolidated appeals, including that it was error to deny his motion for severance from his co-defendants, and that it was error to deny his motion for a new trial.

II. Fabio Morel & Amaury Lopez, Jr.

Fabio Morel and Amaury Lopez, Jr. were also charged with one count each of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and one count each of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. Lopez, Jr. was found guilty after a trial by jury, and sentenced on July 19, 2012 to concurrent terms of life imprisonment, with a judgment of conviction entered July 20, 2012. Morel was identically charged, also found guilty after a jury trial, and sentenced to 300 months' imprisonment on June 6, 2012, with a judgment of conviction entered on June 7, 2012.

Both Morel and Lopez, Jr. appeal from two decisions of the district court. First, Appellants argue that the district court improperly admitted evidence of an uncharged murder which was tied to Morel and Lopez, Jr. Second, Appellants argue that it was error for the Government to introduce at trial "recorded conversations and transcripts between a cooperating witness" and the Appellants because Appellants "were not permitted an opportunity to confront [the witness] as to the contents of the recordings, their purpose and most importantly their interpretation." Appellants' Br. 74. Neither claim of error is availing.

Our review of a district court's evidentiary rulings is for abuse of discretion. *See, e.g.*, *United States v. Nektalov*, 461 F.3d 309, 318 (2d Cir. 2006). With respect to the introduction of evidence of an uncharged murder, we conclude that the district court did not err in allowing the introduction of this evidence under either Rule 403 or Rule 404(b) of the Federal Rules of Evidence. Under Rule 404(b), evidence of uncharged crimes may be admissible so long as it is not admitted for the purpose of proving propensity to commit crimes, and may be admitted for the purposes of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).We affirm the district court's decision to allow evidence of the uncharged murder as direct evidence of the existence of a conspiracy. *See, e.g.*, *United States v. Miller*, 116 F.3d 641, 682 (2d Cir. 1997) ("Where, as here, the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself." (internal quotation marks omitted)).

We further conclude that the district court did not abuse its discretion under Rule 403 in balancing the probative value of this evidence against its potential prejudicial value, and determining that the probative value of the evidence outweighed the potential for prejudice. Indeed, Appellants' contention that the fact that particular jury members sought clarification regarding the introduction of this evidence is indicative of prejudice is particularly unavailing in this case, given that these requests for clarification seem to have been required more as a result of the defense strategy of focusing on this murder for the purposes of impeaching a government witness than as a result of any intrinsic prejudicial impact of the evidence. We therefore affirm the district court's ruling with respect to the introduction of evidence of an uncharged murder.

Appellants also raise a Sixth Amendment Confrontation Clause challenge to the introduction of certain covert recordings, without the defense opportunity to cross-examine the confidential source as to their "contents . . . purpose . . . and . . . interpretation." Appellants' Br. 74. The argument is foreclosed by precedent. *See United States v. Burden*, 600 F.3d 204, 224-25 (2d Cir. 2010) (holding that neither statements of the accused, nor of a confidential source, on a surreptitious recording qualify as "testimonial" statements for the purposes of the Confrontation Clause). Appellants have not pointed to particular statements on these recordings that distinguish their challenge from the one raised in *Burden*. We affirm the district court's decision to allow the introduction of this evidence as well.

III. Amaury Lopez, Jr.

Finally, Lopez, Jr. raises two independent challenges of his own. First, Lopez, Jr. challenges the district court's decision not to hold an evidentiary hearing to examine potential prejudice to Lopez, Jr. due to the Government's purported access to aspects of Lopez, Jr.'s trial strategy. These arguments have been conducted under seal. It is sufficient for our purposes to

3

affirm the district court's determination that Lopez, Jr. has advanced neither a coherent nor a cognizable argument establishing that he potentially suffered prejudice at trial. We affirm the district court's determination that no evidentiary hearing was necessary.

Finally, Lopez, Jr. argues that the Government's disclosures with respect to material related to the uncharged murder were untimely, and thus denied him the opportunity for a fair trial. The argument is unavailing, as Lopez, Jr.'s trial counsel both disclaimed a request for an adjournment and stated that he was satisfied with the material the government provided prior to trial. *See United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir. 2009) (distinguishing forfeiture from waiver, and noting that a waived argument may not be raised on appeal).

\*\*\*

We have considered the remainder of the Appellants' arguments and find them to be without merit. Accordingly, the rulings, orders, and judgments of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4