17-2137 (L)
*Lopez v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand nineteen.

PRESENT:
> **ROBERT D. SACK,**
> **PETER W. HALL,**
> **JOSEPH F. BIANCO,**
> *Circuit Judges.*

---

AMAURY LOPEZ, JR.,

> *Petitioner-Appellant*,

v.                                                                      17-2137 (Lead), 17-2264 (Con)

UNITED STATES OF AMERICA,

> *Respondent-Appellee*,


Appearing for *Petitioner-Appellant*:          MICHAEL K. BACHRACH, New York, NY.

Appearing for *Respondent-Appellee*:          ELIZABETH A. ESPINOSA (Karl Metzner, *on the brief*), *for* Geoffrey S. Berman, United States

1

Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 16, 2018, is **AFFIRMED**.

Petitioner-Appellant Amaury Lopez, Jr. (Lopez) appeals from a judgment of the United States District Court rejecting Lopez's 28 U.S.C. § 2255 motion as well as his motion to amend the Section 2255 motion and his motion for reconsideration. The district court subsequently denied Lopez's request for a certificate of appealability, but on November 22, 2017, we granted one pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b).

Lopez and two other defendants were convicted by a jury of a conspiracy to distribute cocaine, and possession with intent to distribute cocaine. Their convictions and sentences were affirmed on appeal. *United States v. Lopez*, 572 F. App'x 1 (2d Cir. 2014). Lopez's application for a certificate of appealability argued that (a) his due process rights were violated at sentencing because of the lack of an independent finding of drug quantities attributable to Lopez as required by the holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013); (b) the district court improperly rejected his ineffective assistance of counsel claims when it determined they were procedurally barred; and (c) his trial

2

counsel Ivan Fisher's ongoing disciplinary proceedings presented an actual conflict of interest that he did not knowingly waive at his *Curcio* hearing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which include a variety of arguments, some of which are presented for the first time.

We will not address a claim not included in the certificate of appealability. *Armienti v. United States*, 234 F.3d 820, 824 (2d Cir. 2000). However, as Lopez filed his certificate of appealability pro se, we also must read his papers liberally and construe them to raise the strongest arguments they suggest. *E.g.*, *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

I.

Many of the instances where Lopez claims counsel erred are tied to merits issues that were fully litigated on his direct appeal.[1] Now represented by counsel once again, Lopez pursues a slightly different argument than the one advanced in his certificate of appealability. He argues principally that his trial counsel's conflicts of interest denied

---

[1] Lopez and codefendant Morel argued on appeal that (1) admitting evidence of an uncharged murder which was tied to Morel and Lopez was improper, and (2) admitting recorded conversations (and transcripts thereof) between the defendants and a cooperating witness violated the Sixth Amendment Confrontation Clause. Lopez also argued that (3) the district court improperly failed to hold an evidentiary hearing to examine potential prejudice to Lopez; and (4) government disclosures related to the uncharged murder were made in an untimely fashion, denying him the opportunity for a fair trial. *Lopez*, 572 F. App'x at 3-4. All four arguments were expressly rejected. *Id.*

him his Sixth Amendment right to the effective assistance of counsel and that the trial issues he lists are examples of lapses in representation due to those conflicts.

A petition for relief under Section 2255 shall only be granted for a constitutional error when the sentencing court lacked jurisdiction or when a miscarriage of justice arises due to an error of law or fact which created a fundamental defect. *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam). The Sixth Amendment provides defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish a violation of that right, Lopez must show that counsel's performance fell below an objective standard of reasonableness outside of professional norms and that but for counsel's errors, the result of the proceeding would have been different. *Id.* at 688, 694. We review de novo whether defendant's counsel rendered ineffective assistance. *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003). Findings of fact with respect to that determination are reviewed for clear error. *Hemstreet v. Greiner*, 491 F.3d 84, 89 (2d Cir. 2007).

The Sixth Amendment right to counsel includes a right to conflict-free representation. *See Wood v. Georgia*, 450 U.S. 261, 271 (1981); *United States v. Blount*, 291 F.3d 201, 211 (2d Cir. 2002). This Court "group[s] attorney conflicts of interest into three general categories" – per se, actual, and potential. *United States v. Williams*, 372 F.3d 96, 102 (2d Cir. 2004). A per se conflict occurs only where "trial counsel is not authorized to practice law and where trial counsel is implicated in the same or closely related criminal

4

conduct for which the defendant is on trial." *Id.* at 103. An actual conflict occurs when "the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action." *United States v. Schwarz*, 283 F.3d 76, 91 (2d Cir. 2002). To prevail on such a claim, a defendant "must also show that the actual conflict adversely affected [counsel's] performance by demonstrating that a lapse in representation resulted from the conflict." *Id.* at 92. A potential conflict occurs when "the interests of the defendant may place the attorney under inconsistent duties at some time in the future." *Williams*, 372 F.3d at 102. If a defendant can show only a potential conflict, he must show both that it had an adverse effect upon his attorney's representation and that the conflict resulted in prejudice. *See id.* This amounts to the showing required by the ordinary ineffective assistance of counsel test from *Strickland*. *United States v. Fulton*, 5 F.3d 605, 609 (2d Cir. 1993).

As an initial matter, Lopez is correct (and the government concedes) that the district court improperly found his claims of ineffective assistance of counsel to be procedurally barred. *See Massaro v. United States*, 538 U.S. 500, 503 (2003) ("[C]laims of ineffective assistance of counsel need not be raised on direct appeal, whether or not there is new counsel and whether or not the basis for the claim is apparent from the trial record."). The district court's opinion and order, however, also reached the merits of Lopez's claims, finding that Lopez did not show his trial counsel's representation fell below objective standards of reasonableness and that his *Alleyne* argument was meritless.

5

We "may affirm [a district court decision] on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 157 (2d Cir. 2015) (internal quotation marks and citation omitted).

In his pursuit of relief for ineffective assistance, Lopez attempts to argue that (a) trial counsel's purchase of evidence constitutes a per se conflict; (b) that trial counsel's undisclosed disciplinary proceedings constituted an actual conflict of interest. Neither claim is persuasive.

Lopez cannot argue now for the first time that trial counsel's purchase of evidence from the confidential source and his related decision to retain counsel of his own constituted a conflict of interest. *See Green v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). Lopez argues that he presented this argument in his pro-se petition for a certificate of appealability, but even liberally construing his petition does not save this argument. Lopez, who was represented throughout the pendency of his Section 2255 briefing in the district court, cannot present an argument on appeal that was not presented below. Presenting one in the certificate of appealability is an invalid basis to introduce a new claim.

The disciplinary proceeding that Attorney Fisher was embroiled in, which Lopez did argue below, did not create an actual conflict of interest. *See Waterhouse v. Rodriguez*, 848 F.2d 375, 383 (2d Cir. 1988). Lopez alleges in a conclusory fashion that

6

the district court and the government were aware of the proceedings. When the trial court reasonably knows or should have known that a reasonable conflict could exist, it must inquire into the potential conflict, but failure to do so does not require automatic reversal. *United States v. Blount*, 291 F.3d 201, 211 (2d Cir. 2000). Instead, the question is whether trial counsel's alleged conflict hampered the representation, "not . . . whether the trial judge should have been more assiduous in taking prophylactic measures." *Id.* at 212 (quoting *Mickens v. Taylor*, 535 U.S. 162, 179 (2002) (Kennedy, J., concurring)). There is nothing in the record to indicate that either the government or the trial court had any knowledge of what are typically confidential proceedings. *See* N.Y. Jud. Law § 90(10) (McKinney 2013); Southern District of New York Local Rule 1.5(d)(3). But even if they did, the proceedings did not hamper Fisher's representation of Lopez. *See Blount*, 291 F.3d at 211; *Waterhouse*, 848 F.2d at 383 (counsel's unrelated disciplinary hearings did not create a conflict when attorney ceased representation immediately upon disbarment). An unrelated disciplinary proceeding running parallel to Fisher's representation of Lopez may have in fact "provided an incentive for the vigorous efforts [Fisher] appears to have expended." *Waterhouse*, 848 F.2d at 383. Fisher was licensed throughout the duration of Lopez's trial, and he was removed as Lopez's counsel shortly after being suspended. His proceedings did not affect his representation of Lopez.

7

At best, the disciplinary hearings created a potential conflict; Lopez argues that potential sanctions against Fisher created a financial incentive to keep the case going and prevent Lopez from pleading guilty. Lopez must therefore show that Fisher's actions fell below an objective standard of reasonableness and that but for counsel's errors, the result would have been different. *Fulton*, 5 F.3d at 609. Lopez here fails. He has not shown that but for his lawyer's financial incentive to go to trial, he would have pled guilty. In *Raysor v. United States*, 647 F.3d 491 (2d Cir. 2011), this Court held that a petitioner's statement that they would have accepted a plea agreement must be accompanied by objective evidence such as a significant sentencing disparity. *Id.* at 495. Here, not only was Lopez not offered a plea deal (making any benefit of pleading guilty minimal in terms of offense level calculations), but he maintained his innocence through sentencing. In making this determination, we have considered Lopez's arguments that he was given an unreasonable estimate of his chances of success and that he was not adequately advised of his true sentencing exposure. The district court did not commit clear error in determining that Lopez's assertions were not credible, and he cannot now show that but for Fisher's potential conflict or deficiencies, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also United States v. Carlton*, 442 F.3d 802, 811 (2d Cir. 2006) (giving "strong deference" to district court's credibility determinations).

8

Lopez suggests that a variety of other deficiencies support his argument that Fisher provided ineffective assistance. Lopez cannot, and does not attempt to, offer any new facts showing that actual prejudice resulted or that the result of the proceeding would have been different if his trial counsel had done any of the things he now argues should have been done. *See Strickland*, 466 U.S. at 694. In fact, his arguments here consist solely of single-sentence citations to his arguments below. The potential continuance requests that Lopez now identifies relate to litigated, underlying issues that were affirmed on appeal. His arguments referencing Fisher's failure to request a trial continuance when it was revealed Lopez was being investigated for witness tampering and Fisher's failure to request a continuance after learning of the uncharged murder evidence are without merit. Lopez cannot show he was prejudiced by Fisher's trial decisions or that the result of the proceedings would have been different. *Id.*

Three alleged deficiencies remain: Fisher's failure to object to the jury's access to transcripts of recorded phone calls; his failure to call the confidential source as a witness; and the failure to challenge the introduction of recorded calls between co-conspirators as a violation of the Confrontation Clause. We take these issues in turn.

First, when a "recorded conversation is conducted in a foreign language, an English language transcript may be submitted to permit the jury to understand and evaluate the evidence." *United States v. Ben-Shimon*, 249 F.3d 98, 101 (2d Cir. 2001). A motion objecting to the transcripts would have been futile in light of *Ben-Shimon*, and a

9

motion without a solid foundation need not be filed for purposes of effective assistance. *United States v. Neresian*, 824 F.2d 1294, 1322 (2d Cir. 1987). Lopez also fails to allege that anything in the transcripts was inaccurate or offer any prejudicial reason why they should not have been introduced, so there is no basis for an ineffective assistance claim.

Second, "[c]ourts applying *Strickland* are especially deferential to defense attorneys' decisions concerning which witnesses to put before the jury." *Greiner v. Wells*, 417 F.3d 305, 323 (2d Cir. 2005). "[C]ounsel's decision as to whether to call specific witnesses – even ones that might offer exculpatory evidence – is ordinarily not viewed as a lapse in professional representation." *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) (internal quotation marks omitted). Without more than conclusory statements as to the would-be-witness' testimony, Lopez cannot present a plausible claim of ineffective assistance based on Fisher's failure to call the witness to testify.

Third, "there can be no separate Confrontation Clause challenge to the admission of a co-conspirator's out-of-court- statement." *Bourjaily v. United States*, 483 U.S. 171, 183 (1987). As we acknowledged in our prior decision, no valid challenge to the introduction of calls of co-conspirator Lopez Sr. existed, *Lopez*, 572 F. App'x at 3, and therefore the failure of Fisher to make such a challenge was not ineffective assistance.

Finally, Lopez argues in the alternative that he should have at least been granted an evidentiary hearing on his Section 2255 motion. Section 2255(b) provides that "[u]nless the motion and the files and records of the case conclusively show that the

10

prisoner is entitled to no relief, the court shall ... grant a prompt hearing." 28 U.S.C. § 2255(b). We have interpreted this provision as requiring a hearing in cases where the petitioner has made a "plausible claim" of ineffective assistance of counsel. *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (internal quotation marks and citation omitted). Review of a district court's denial of a hearing on a Section 2255 motion is for abuse of discretion. *Morales v. United States*, 635 F.3d 39, 45 (2d Cir. 2011) (citing *Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001)).

For the reasons set fourth above, the district court did not abuse its discretion in declining to hold a formal hearing. In particular, "when the judge who tried the underlying proceedings also presides over a Section 2255 motion, a full-blown evidentiary hearing may not be necessary." *Raysor*, 647 F.3d at 494.

## II.

Lopez next claims that he must be re-sentenced because the sentencing court did not make a separate determination of the amount of narcotics that were reasonably foreseeable to Lopez over the duration of the conspiracy. He bases this claim on the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), which was decided prior to the filing of his direct appeal. After initially asserting that *Alleyne* should be applied retroactively, Lopez now concedes that at the time *Alleyne* was decided, his case was not yet final and that appellate counsel failed to raise the issue on appeal. "In failing to do so, petitioner procedurally defaulted the claim he now presses on us."

11

*Bousley v. United States*, 523 U.S. 614, 621 (1998). Lopez can only excuse his default if he can establish "cause for the failure to bring a direct appeal and actual prejudice from the alleged violations." *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007). To show cause, a petitioner must demonstrate that the argument now raised "was so novel that its legal basis was not reasonably available to counsel" at the time of his direct appeal. *United States v. Thorn*, 659 F.3d 227, 233 (2d Cir. 2011). Because *Alleyne* had been decided at the time of his direct appeal, and because Second Circuit precedent already had addressed the type of argument Lopez now attempts to make, *United States v. Adams*, 448 F.3d 492, 499 (2d Cir. 2006), he cannot show cause for his default.

Lopez argues on reply that if he has defaulted on his *Alleyne* argument, then he must be allowed to amend his Section 2255 petition to allege his appellate counsel provided inadequate assistance by failing to raise *Alleyne*. We disagree. The district court expressly held that the jury's specific findings of fact were "sufficient to support the mandatory minimum sentence to which Petitioners were sentenced." A49. Ample evidence in the record indicates that Lopez was the "boss" of the organization. As the leader of the criminal organization, Lopez was responsible for the drug quantities that were distributed by the organization. *See United States v. Chavez*, 549 F.3d 119, 136 (2d Cir. 2008), *abrogation on other grounds recognized by United States v. Brown*, 935 F.3d 43, 45 (2d Cir. 2019). No "manifest injustice" will result from affirming the denial of his motion to amend. *United States v. Babwah*, 972 F.2d 30, 35 (2d Cir. 1992).

12

We have considered Lopez's remaining arguments and find them to be without merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court
